Karen Smith **BIRD**, Appellant,

v.

**FIRST DEPOSIT NATIONAL BANK**, Appellee.

No. 08–98–00137–CV.

Court of Appeals of Texas, El Paso.

May 20, 1999.

Rehearing Overruled June 23, 1999.

John C. Schwambach, Jr., Houston, for appellant.

James Brendan Carroll, Dallas, for appellee.

Before Panel No. 4 BARAJAS, C.J., LARSEN, and McCLURE, JJ.

## OPINION

SUSAN LARSEN, Justice.

This restricted appeal involves the issue of whether a credit card debt may properly be subject to a suit on a sworn account. We find that it may not, at least not in cases involving the advance of money by a financial institution that is neither a merchant nor supplier of services. We therefore reverse and remand.

### Procedural History

First Deposit National Bank sued Karen Smith Bird for debts incurred on a credit card issued in her name. $3,500 of the alleged $5,653.49 debt was a cash advance. Ms. Smith filed an answer asserting defenses of limitations, forgery, res judicata, and collateral estoppel. She did not file a sworn denial. In a brief filed in the trial court, Smith's counsel asserted that because it involved a credit card debt, the case could not be brought as a suit on a sworn account.

We cannot ascertain on this record exactly what proceedings led to judgment against Ms. Smith. Although a trial was

held on September 29, 1997, and Smith's counsel on appeal requested the reporter's record of that hearing be included in this record, either no record was taken of the proceedings or the reporter's notes were lost.[1] We do know that in May 1997, Smith's trial counsel[2] filed a motion for continuance and motion to dismiss, urging that he was unable to locate his client, and that the "Karen Smith" served in the suit was not the person in whose name the credit card was issued. A letter from the bank's counsel indicates that the case had been "set for trial" on September 29, 1997. Smith's counsel filed a brief on October 6, 1997, urging defective service, inapplicability of Texas Rules of Civil Procedure 93 and 185, and that answers to interrogatories and requests for admission were adequate to constitute a denial under oath. On October 14, 1997, the trial court signed a judgment on directed verdict based upon the lack of a sworn denial in a suit on sworn account.[3] It is undisputed that the proceeding of September 29, 1997 was dispositive of the parties' claims and defenses. It is likewise undisputed that Karen Smith Bird did not attend that trial.[4]

### Restricted Appeal

■ Appellant must satisfy four elements to win on restricted appeal: (1) the petition must be brought within six months of the date of judgment; (2) by a party to the suit; (3) who did not participate at trial; and (4) error must be apparent on the face of the record.[5] The bank conceded that Smith has met the first two elements. We therefore must examine the remaining two factors, whether Smith participated at trial, and whether error is apparent from the face of the record.

### Participation at Trial

■ Taking together the motion for continuance asserting that counsel could not locate his client, the judgment on directed verdict stating that the parties appeared at trial by counsel only,[6] the bank's admission that Smith was not present at the trial held September 29, and the lack of any reporter's record despite a timely request for it, we find Smith has shown she did not participate in the "decision-making event that result[ed] in judgment adjudicating [her] rights."[7] The nature and extent of participation that precludes a restricted appeal is a matter of degree, as trial courts decide cases in a wide variety of procedural settings.[8] The presence of counsel, without the party, may or may not constitute participation depending upon the circumstances.[9] We find it significant in this case that although her counsel timely requested the reporter's record be included in the appellate record, through no

---

1. Although asked at oral argument, the bank's counsel could not recall whether the trial proceedings were recorded.

2. Smith's trial counsel, Richard White, died after judgment was entered in this case but before the restricted appeal was filed.

3. For reasons unclear to this court, the trial court signed a second document titled "Judgment after Trial" on November 4, 1997. Neither this judgment nor the first entered was approved as to form by counsel for the parties. There is nothing to indicate that a hearing was held on entry of judgment, nor is there any clue as to who drafted either judgment.

4. Counsel for the bank acknowledged this at oral argument.

5. *Dickerson v. Sonat Exploration Co.*, 975 S.W.2d 339, 341 (Tex.App.—Tyler 1998, pet. denied).

6. We note that the "Judgment after Trial" contains a recitation that "Defendant, duly notified, appeared in person and by attorney." The parties acknowledge this is an error.

7. *Withem v. Underwood*, 922 S.W.2d 956, 957 (Tex.1996).

8. *Texaco, Inc. v. Central Power & Light Co.*, 925 S.W.2d 586, 589 (Tex.1996).

9. *See Withem*, 922 S.W.2d at 957.

fault of Smith's it is unavailable.[10] Thus, we cannot tell what type of proceedings resulted in the judgment against Smith. We conclude she has met the element of non-participation at trial.

### Suit on Sworn Account

■ In her sole issue on appeal, Smith urges that the trial court erred in entering judgment against her because a credit card is not a sworn account as contemplated by Texas Rule of Civil Procedure 185. A sworn account applies only to transactions between persons, *in which there is a sale upon one side and a purchase upon the other, whereby title to personal property passes from one to the other*, and the relation of debtor and creditor is thereby created by general course of dealing—it does not mean transactions between parties resting upon special contract.[11] A credit card transaction is a "transaction in which a card that may be used for personal, family, or household use is used to debit an open-end account in connection with: (A) a purchase or lease of goods or services; or (B) a loan of money."[12] A cash advance, like the $3,500 extended on the credit card here, is clearly a loan.[13]

■ We find that a credit card issued by a financial institution does not create the sort of debtor-creditor relationship required in order to bring suit under Texas Rule of Civil Procedure 185. We reach this conclusion because no title to personal property passes from the bank to the cardholder; rather, the card evidences a line of credit extended by the bank which the cardholder may use to purchase goods and services from a third party. And where the transaction in question is a cash advance, there is no good or service involved at all, but a pure loan of money. An unpaid bank credit card account, therefore, creates a cause of action for the bank's money or credit advanced as a loan, but not for goods or services sold or delivered to the cardholder.[14] (This case does not involve a credit card issued directly by a provider of goods or services, such as a gasoline card or department store card. We therefore do not reach the question of whether that type of credit card debt is subject to collection by a suit on sworn account.) We find that a bank's credit card account is analogous to a promissory note, which has been specifically excluded from the definition of sworn account.[15] Thus, Texas Rules of Civil Procedure 93 and 185 do not apply to the bank's action here. The trial court's entry of judgment based solely upon Smith's failure to file a sworn denial of the bank's petition was incorrect. Accordingly, we find that Smith has met the fourth element required in a restricted appeal, error on the face of the record. We sustain her issue on appeal.

### Conclusion

This case is reversed and remanded to the trial court for further proceedings in accordance with this opinion.

---

**10.** *Cf.* Tex.R.App. P. 34.6(f) (if reporter's record lost or destroyed, appellant entitled to new trial).

**11.** *Hou–Tex Printers, Inc. v. Marbach*, 862 S.W.2d 188, 190 (Tex.App.—Houston [14th Dist.] 1993, no writ) (emphasis added).

**12.** Tex. Fin.Code Ann. § 301.001 (Vernon 1998).

**13.** *Cf.* Tex.Rev.Civ. Stat. Ann. art. 5069–3A.401 (Vernon Supp.1999).

**14.** *Wenk v. City Nat'l Bank*, 613 S.W.2d 345, 352 (Tex.Civ.App.—Tyler 1981, no writ).

**15.** *Hou–Tex Printers, Inc.*, 862 S.W.2d at 190.