**Edward PATTEN, Appellant,**

v.

**MARYLAND BANK, N.A., Appellee.**

No. 01–02–00789–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 5, 2003.

Rehearing Overruled July 25, 2003.

Joseph R. Willie, II, Willie & Associates, Houston, for appellant.

Kathryn M. Pfeiffer, Tucker, Taunton, Snyder & Slade, Houston, for appellee.

Panel consists of Justices HEDGES, NUCHIA, and KEYES.

## OPINION

SAM NUCHIA, Justice.

Edward M. Patten, appellant, sued Maryland Bank, N.A. (MBNA), appellee, for usury and violation of 12 U.S.C. § 85 of the National Bank Act. Appellee filed a motion for summary judgment, and the trial court granted the motion.

### Background

In 1999, appellee issued appellant a Platinum Plus credit card. In his lawsuit, appellant claimed that appellee charged and received interest in excess of the amount authorized by law. Appellant asserted that section 303.009(d) of the Texas Finance Code sets the maximum rates of interest that appellee is authorized to contract for, charge, and or receive on credit card transactions at 21% per annum; and the 24.98% interest appellee charged constituted usury pursuant to the provisions of the Texas Finance Code and violated 12 U.S.C. section 85 of the National Bank

Act.[1]

## Discussion

In his first issue, appellant claims that the trial court erred in granting appellee's motion for summary judgment because appellee violated 12 U.S.C. section 85 of the National Bank Act. In his second issue, appellant claims that Texas usury laws apply and are not preempted by the National Bank Act. Appellant claims that the credit card transactions are interstate loans to which section 303.009(d) of the Texas Finance Code applies.[2] Although appellant recognizes that Delaware banking laws do not proscribe an interest rate or define usury, he claims that appellee violated 12 U.S.C. section 85 because appellee does not have the unfettered discretion to charge any interest rate.

### *Standard of Review*

Summary judgment is proper only when the movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995); *Lawson v. B Four Corp.*, 888 S.W.2d 31, 34 (Tex.App.-Houston [1st Dist.] 1994, writ denied). In reviewing a summary judgment, we must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in its favor. *Johnson*, 891 S.W.2d at 644; *Lawson*, 888 S.W.2d at 33. We will take all evidence favorable to the nonmovant as true. *Id.* As movant, the defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of each of the plaintiff's causes of action. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991); *Marchal v. Webb*, 859 S.W.2d 408, 412 (Tex.App.-Houston [1st Dist.] 1993, writ denied).

■■■ Appellee's motion for summary judgment states that it is a national bank organized and located in the State of Delaware. Appellee correctly cites *Marquette National Bank of Minneapolis v. First of Omaha Service Corp.*, which held that section 85 plainly provides that a national bank may charge interest "on any loan" at the rate allowed by the laws of the State in which the bank is "located." *Marquette Nat. Bank of Minneapolis v. First of Omaha Serv. Corp.*, 439 U.S. 299, 308, 99

---

1. Section 85 of Title 12 of the United States Code provides:

> Any association may take, receive, reserve, and charge on any loan or discount made, or upon any notes, bills of exchange, or other evidences of debt, interest at the rate allowed by the laws of the State, Territory, or District where the bank is located, or at a rate of 1 per centum in excess of the discount rate on ninety-day commercial paper in effect at the Federal reserve bank in the Federal reserve district where the bank is located, whichever may be the greater, and no more, except that where by the laws of any State a different rate is limited for banks organized under state laws, the rate so limited shall be allowed for associations organized or existing in any such State under this chapter. When no rate is fixed by the laws of the State, or Territory, or District, the bank may take, receive, reserve, or charge a rate not exceeding 7 per centum in excess of the discount rate on ninety-day commercial paper in effect at the Federal reserve bank in the Federal reserve district where the bank is located, whichever may be the greater, and such interest may be taken in advance, reckoning the days for which the note, bill, or other evidence of debt has to run.....

> 12 U.S.C. § 85 (2001).

2. Texas Finance Code section 303.009(d) states:

> For an open-end account credit agreement that provides for credit card transactions on which a merchant discount is not imposed or received by the creditor, if the rate computed for the weekly ceiling, monthly ceiling, quarterly ceiling, or annualized ceiling is more than 21 percent a year, the ceiling is 21 percent a year. TEX. FIN.CODE ANN. § 303.009(d) (Vernon 2003).

S.Ct. 540, 545, 58 L.Ed.2d 534 (1978). In addition, appellee correctly cites Delaware banking laws which allow a bank to charge and collect periodic interest in respect of a loan at such daily, weekly, monthly, annual or other periodic percentage rate or rates as the agreement governing .... the loan provides or as established in the manner provided in such agreement. *See* DEL. CODE ANN. tit. 5, §§ 963–965 (2002). Appellee also correctly cites *Smiley v. Citibank,* which held that the National Bank Act of 1864 preempts state law. *Smiley v. Citibank,* 517 U.S. 735, 744, 116 S.Ct. 1730, 1735, 135 L.Ed.2d 25 (1996).

We overrule both of appellant's issues.

### Conclusion

We affirm the trial court's judgment.