Opinion issued June 9, 2005











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00422-CV




JAMES CAVAZOS, Appellant

V.

CITIBANK (SOUTH DAKOTA), N.A., Appellee




On Appeal from County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 794,090




MEMORANDUM OPINION
          James Cavazos, appellant and defendant below, appeals a summary judgment 
awarding money damages to appellee, Citibank (South Dakota), N.A. (“Citibank”). 
Appellant presents the following seven issues on appeal: (1) summary judgment
pursuant to rule 185 of the Texas Rules of Civil Procedure was improper because the
account in question was not a sworn account; (2) Citibank is a national bank and
cannot legally “loan credit”; (3) the original note, bookkeeping entries, accounting
ledgers, and allonge, were not produced by Citibank; (4) appellant discharged his
debt to Citibank “via bond and public policy does not require the payment of a debt
to be in any particular type of currency of the United States”; (5) appellant “offered
to discharge said debt per Texas Business and Commercial Code article 2 section
603,” even if Citibank “refused to accept the form of payment offered”; (6) appellant
was “denied equal protection under the law per the XIV amendment of the U.S.
Constitution”; and (7) appellant is a sovereign, exempt from levy, or is a secured
creditor, with a prior UCC lien that is superior in priority to Citibank’s judgment
against the fictitious entity named “JAMES CAVAZOS” and not against him as a
human being. We affirm. 
BACKGROUND
          Appellant obtained a credit card from Citibank and used the card to make
purchases and receive cash advances. Appellant used the credit card for four years. 
He did not make payments as required by the terms of his agreement with Citibank. 
The total balance due on appellant’s credit card account was $11,649.85, according
to the verified statement of account filed with Citibank’s original petition and motion
for summary judgment. Requests for admission were also attached to the petition. 
In response to the lawsuit, appellant filed a document entitled “Verified Declaration
in the Nature of an Affidavit for Truth in Commerce and Contract for Waiver Of Tort
Presented by me, addressee, James G. Cavazos, living sole [sic], one of We the
People under Original Common Law jurisdiction of Texas and united [sic] States
Contracts, the Constitution.” Appellant did not respond to the requests for admission. 
Citibank filed a rule 166a(c) motion for summary judgment.


 Appellant did not file
a response to Citibank’s motion but appeared pro se at the hearing on the motion. 
The trial court entered summary judgment in favor of Citibank on March 15, 2004. DISCUSSION
          A party moving for a summary judgment has the burden of proving that there
is no genuine issue of material fact and that the movant is entitled to judgment as a
matter of law. Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d
546, 548 (Tex. 1985); Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc., 106
S.W.3d 118, 124 (Tex. App.—Houston [1st Dist.] 2002, pet. denied.). When deciding
whether there is a disputed material fact issue precluding summary judgment, evidence
favorable to the nonmovant will be taken as true. Nixon, 690 S.W.2d at 548–49. 
Every reasonable inference must be indulged in favor of the nonmovant and any
doubts resolved in its favor. Id.
          In his first issue, appellant argues that summary judgment under rule 185 was
improper because his account with Citibank was not a sworn account.


 Appellant cites
a case in which the El Paso court of appeals held that a credit card that was issued for
the purpose of lending money through cash advances and buying goods and services
from third parties was not a sworn account as contemplated by rule 185. See Bird v.
First Deposit Nat’l Bank, 994 S.W.2d 280, 282 (Tex. App.—El Paso 1999, pet.
denied). While it is true that Citibank’s motion cannot prevail under rule 185,
appellant’s argument assumes that Citibank’s motion for summary judgment relied
exclusively on the assertion that the credit card account was a properly pleaded “sworn
account.” Appellant’s assumption is incorrect and, therefore, his reliance on Bird is
misplaced. Citibank’s pleadings presented a claim for breach of contract and its
motion for summary judgment provided competent summary judgment evidence on
that claim. In particular, the deemed admissions included an admission by appellant
that he had breached his contract and owed Citibank $11,649.85. We overrule
appellant’s first issue.
          In his second issue, appellant claims that Citibank is a national bank and is
barred from “loaning credit.” Appellant’s argument is without merit; Citibank may
issue credit cards and charge interest on the cash advances and purchases its
cardholders make using those cards. See, e.g., National Bank Act, 12 U.S.C.S. § 85
(Law. Co-op. 1994); Patten v. Maryland Bank, N.A., 126 S.W.3d 532, 533–34 (Tex.
App.—Houston [1st Dist.] 2003, pet. denied) (noting that Delaware national bank
could charge interest in excess of amount allowed by Texas law on credit card issued
to Texas resident). We overrule appellant’s second issue.
          In his third issue, appellant contends that Citibank should have been required,
under rule 1002 of the Texas Rules of Evidence,


 to produce original copies of certain
loan documents. Even if appellant had objected to Citibank’s proffer of copies of
these documents, and the record before us does not show that he made such an
objection, the trial court could have properly admitted the copies under rule 902(10),
as the record shows that Citibank attached a business records affidavit in the proper
form. See Tex. R. Evid. 902(10). We overrule appellant’s third issue.
          In his fourth issue, appellant argues that he tendered a “bond” to Citibank and
thereby discharged his debt because, under Guaranty Trust Co. v. Henwood, the
Supreme Court recognized that Congress had proscribed a creditor from requiring a
debtor to pay in “a particular kind of coin or currency of the United States.” 307 U.S.
247, 252-53, 59 S. Ct. 847, 850–51 (1939). Appellant not only misreads Guaranty
Trust but he fails to cite any evidence in the record to support his contention that he
presented Citibank with his “bond.”. We overrule appellant’s fourth issue.
          In his fifth issue, appellant reprises his argument that his “bond” discharged his
debt to Citibank as provided by the Texas Business and Commerce Code, article 3,
section 603. See Tex. Bus. & Com. Code Ann. § 3.603 (Vernon 2002). The
authorities appellant cites in support of this assertion are misrepresented, miscited,
mischaracterized, or are complete non sequiturs. Appellant has presented no authority
or evidence that Citibank was under any obligation to accept payment via the allegedly
tendered “bond” or promissory note. See Re/Max of Texas, Inc. v. Katar Corp., 961
S.W.2d 324, 328 (Tex. App.—Houston [1st Dist.] 1997, pet. denied) (concluding that
appellant’s failure to make argument, cite authority, or refer to record in support of
contention resulted in nothing for court to review). We overrule appellant’s fifth
issue. 
          In his sixth issue, appellant argues that the trial court violated his right to equal
protection by rendering summary judgment because Citibank did not make full
disclosure of all material facts so that appellant “could fully understand that
agreement, specifically that the bank ‘created’ money by depositing his signed
promissory note, thus funding the ‘loan,’ [and] then [his] loan would be canceled.” 
We understand appellant’s argument to be that Citibank must accept a promissory note
from him as payment to discharge his debt. Appellant cites no authority for this
argument. For the same reasons given for overruling his fifth issue, we overrule
appellant’s sixth issue.
          In his seventh issue, appellant argues that he is his own secured creditor, with
superior priority over any claim Citibank may have over his assets and that he is a
sovereign exempt from levy under the “Foreign Sovereign Immunities Act.”


 
          Appellant’s secured creditor claim apparently stems from the fact that his name
is spelled in all capital letters on Citibank’s pleadings and on the judgment rendered
against him. Appellant contends that his name must be spelled in capital and lower
case letters and that only the names of corporations are spelled with all capital letters. 
Appellant asserts that, subsequent to the rendering of judgment, he filed a financing
statement, a UCC-1 form,


 against the fiction “JAMES CAVAZOS” giving him
superior lien priority on that fictitious entity’s assets. Appellant also asserts that
Citibank has no valid judgment against him “as a human being.” Citibank contends
that appellant’s theories fall under the legal category of “gobbledygook.”


 In his
seventh issue, appellant does not cite to any relevant portion of the record, or to any
relevant authority, and does not present any comprehensible issue for our review. See
Tex. R. App. P. 38.1(h); Massey v. Royall, No. 14-02-01260-CV, 2004 WL 114989,
at *1 (Tex. App.—Houston [14th Dist.] Jan. 27, 2004, no pet.) (not designated for
publication) (holding that pro se appellant’s incomprehensible issue could not be
addressed); Serrano v. Union Planters Bank, N.A., No. 08-03-00101-CV, 2004 WL
2849484, at *1 (Tex. App.—El Paso, Dec. 2, 2004, no pet. h.) (refusing to address
seventeen of pro se appellant’s eighteen issues because they were “virtually
incomprehensible and nonsensical and do not frame any issues for review by this
court”). We overrule appellant’s seventh issue.
                                                     CONCLUSION
          We affirm the judgment of the trial court.
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Jennings, and Alcala.