In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00027-CV
______________________________


JACK TULLY, Appellant
 
V.
 
CITIBANK (SOUTH DAKOTA), N.A., Appellee


                                              

On Appeal from the 123rd Judicial District Court
Panola County, Texas
Trial Court No. 2004-A-071


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Carter


O P I N I O N

            Jack Tully appeals the granting of Citibank (South Dakota), N. A.'s motion for summary
judgment for collection on a deliquent credit card debt. Citibank issued a credit card to Tully. Tully
alleged that some of the charges contained in the account statements were inaccurate and that
Citibank, rather than correct its statements, charged interest on the "incorrect and disputed amounts"
at rates of almost twenty-five percent.


 Citibank sued Tully alleging Tully had failed to make
payments due, which had accelerated that maturity of the amounts due. Tully denied Citibank's
allegations and filed a counterclaim alleging that Citibank was in bad faith and that the suit was
brought for the purpose of harassment. Tully also alleged Citibank attempted to collect interest, fees,
or expenses without authorization. The trial court granted Citibank's traditional motion for summary
judgment. 
            Tully raises three issues on appeal: 1) Citibank is not entitled to summary judgment because
it failed to plead or prove grounds to support the summary judgment and failed to prove there are no
genuine issues of material fact; 2) Citibank is not entitled to summary judgment because it failed to
prove Tully's counterclaim was pre-empted or disproved the counterclaim; and 3) the summary
judgment erroneously makes an unconditional award of appellate attorney's fees. We reverse and
remand this case to the trial court for proceedings consistent with this opinion.
1)        Genuine Issues of Material Fact Exist Concerning the Amount of Damages Due to the
Breach of Contract
            In his first point of error, Tully argues the trial court erred in granting the summary judgment. 
Citibank's traditional motion for summary judgment argued it was entitled to summary judgment
based on either a suit on a sworn account, quantum meruit, or breach of contract. Tully challenges
all three of these theories. We agree for the following reasons: a suit on a credit card debt cannot
be recovered through a suit on a sworn account; because the summary judgment evidence
conclusively established that a contract existed, Citibank could not recover under its quantum meruit
theory; and a fact issue exists concerning the amount owed based on breach of contract.
            The standards for reviewing a "traditional" motion for summary judgment are well settled. 
We will review this summary judgment based on the standards set forth in Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 548–49 (Tex. 1985).
            First, Citibank cannot collect a credit card debt through a suit on a sworn account. A suit on
a sworn account is permitted only if the claim is "founded upon an open account or other claim for
goods, wares and merchandise, including any claim for a liquidated money demand based upon
written contract or founded on business dealings between the parties, or is for personal service
rendered, or labor done or labor or materials furnished . . . ." Tex. R. Civ. P. 185. "A sworn account
applies only to transactions between persons, in which there is a sale upon one side and a purchase
upon the other, whereby title to personal property passes from one to the other, and the relation of
debtor and creditor is thereby created by general course of dealing--it does not mean transactions
between parties resting upon special contract." Bird v. First Deposit Nat'l Bank, 994 S.W.2d 280,
282 (Tex. App.—El Paso 1999, pet. denied). Because no title to personal property passes from the
bank to the cardholder, a credit card debt is not a sworn account as contemplated by Texas Rule of
Civil Procedure 185. Id. Citibank was not entitled to summary judgment based on its suit on a
sworn account theory.
            Second, because Citibank proved the existence of an express contract, Citibank cannot
recover under the theory of quantum meruit. "Quantum meruit is an equitable theory of recovery
which is based on an implied agreement to pay for benefits received." Heldenfels Bros., Inc. v. City
of Corpus Christi, 832 S.W.2d 39, 41 (Tex. 1992). The doctrine of quantum meruit requires the
plaintiff to establish: "1) valuable services and/or materials were furnished, 2) to the party sought
to be charged, 3) which were accepted by the party sought to be charged, and 4) under such
circumstances as reasonably notified the recipient that the plaintiff, in performing, expected to be
paid by the recipient." Id. However, the summary judgment evidence establishes the existence of
a contract between the parties. In general, recovery under quantum meruit is limited to only when
there is no express contract covering the services or materials furnished. Vortt Exploration Co. v.
Chevron U.S.A., Inc., 787 S.W.2d 942, 944 (Tex. 1990); Academy Corp. v. Interior Buildout &
Turnkey Constr., Inc., 21 S.W.3d 732, 741 (Tex. App.—Houston [14th Dist.] 2000, no pet.). 
Because the summary judgment evidence established the existence of a contract as a matter of law,
Citibank cannot recover under the theory of quantum meruit. 
            Third, Citibank failed to prove the amount due based on the breach of contract argument.


 
Although Tully's affidavit failed to raise a fact issue,


 Citibank failed to prove it was entitled to
summary judgment. Specifically, Citibank failed to prove that the interest rate charged was agreed
on by Tully.


 The contract introduced into evidence does not specify the interest rate that was agreed
on. Further, there were no notices of interest rate increases introduced into evidence. The only
evidence concerning the rate of interest are the rates specified on the copies of the monthly
statements Citibank sent to Tully.


 Citibank failed to prove its damages as a matter of law. Because
a genuine issue of material fact issue exists concerning the interest rates agreed on, the trial court
erred in granting summary judgment.
            When a trial court's order granting summary judgment does not specify the ground or grounds
relied on for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced
are meritorious. State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993). Citibank,
though, failed to prove it was entitled to summary judgment concerning any of the three theories
advanced in its motion for summary judgment. A credit card debt is not a sworn account. Since the
summary judgment evidence proved the existence of a contract, Citibank was not entitled to collect
on its quantum meruit theory. Because Citibank failed to prove Tully agreed to the interest rates
Citibank charged, Citibank failed to prove its amount of damages under the breach of contract
theory. We sustain Tully's first point of error. We decline to address the remaining arguments
advanced by Tully because the above arguments are dispositive.
2)        Citibank Failed To Disprove Tully's Counterclaim 
            In his second point of error, Tully argues Citibank failed to prove that his counterclaim was
pre-empted or otherwise invalid. Tully argues the interest charged was usurious under Texas law. 
In the alternative, Tully argues Citibank has failed to prove that the interest charged is authorized
by South Dakota Law. 
            Tully argues that, under Texas law, a charge of interest in excess of ten percent is in most
cases considered usurious.


 However, the National Bank Act pre-empts state usury laws. Marquette
Nat'l Bank v. First Omaha Serv. Corp., 439 U.S. 299, 313 (1978); see Smiley v. Citibank, 517 U.S.
735, 744 (1996) (holding that late fees were interest under the National Bank Act). The National
Bank Act provides that national banks may charge interest "at the rate allowed by the laws of the
State . . . where the bank is located, or . . . ."


 Assuming that Citibank is a national bank located in
South Dakota,


 Citibank has proven as a matter of law that Texas usury law is pre-empted and that
it may charge interest at the rate authorized by South Dakota.
            However, merely proving that Texas usury laws are pre-empted by federal law does not
establish that the charges were authorized. Tully's counterclaim was not limited to Texas usury laws;
the counterclaim was that the interest rates were not authorized. If Texas usury laws are pre-empted,
Tully argues Citibank has failed to prove that the interest rates are authorized under South Dakota
law. Although Citibank did not respond to this argument on appeal, Citibank argued to the trial
court that Section 54-3-1.1 of the South Dakota Codified Laws authorized the interest in this case. 
Section 54-3-1.1 of the South Dakota Codified Laws provides as follows:
Unless a maximum interest rate or charge is specifically established
elsewhere in the code, there is no maximum interest rate or charge, or usury rate
restriction between or among persons, corporations, limited liability companies,
estates, fiduciaries, associations, or any other entities if they establish the interest rate
or charge by written agreement. A written agreement includes the contract created
by § 54-11-9.
S.D. Codified Laws § 54-3-1.1 (2005). Even if no other maximum rate is established elsewhere
in the laws of South Dakota, Citibank has failed to show that the interest rate is authorized. Section
54-3-1.1 only applies if the parties "establish the interest rate or charge by written agreement." Id. 
The summary judgment evidence lacks any evidence as to the interest rate authorized by the credit
card contract. The contract introduced into evidence does not specify the interest rate that was
agreed on.


 There were no notices of interest rate increases introduced into evidence. When no
interest rate is provided in the agreement, South Dakota law limits the maximum interest rate to
considerably less than the rates charged by Citibank. See S.D. Codified Laws §§ 51A-12-13,
54-3-4, 54-3-5 (2005). We note that a credit card issuer may change the terms of the card agreement
on sufficient written notice to the cardholder. S.D. Codified Laws § 54-11-10 (2005). The
summary judgment evidence, though, contains no written notices specifying the interest rates other
than the copies of the statements. There are genuine issues of material fact concerning whether the
interest rates Citibank charged Tully are authorized by South Dakota law. 
            Because Citibank failed to prove the contractual interest rate, Citibank has failed to prove
it was entitled to summary judgment. We sustain Tully's second point of error. Because we find the
above issue dispositive, we decline to address Tully's remaining arguments contained in his second
point of error. 
3)        The Trial Court Erred in Awarding Unconditional Appellate Attorney's Fees
            In his third point of error, Tully argues the trial court erred in not conditioning the award of
attorney's fees in the event of an appeal on the success of that appeal. An award for attorney's fees
should be conditioned on a successful appeal. Westech Eng'g, Inc. v. Clearwater Constructors, Inc.,
835 S.W.2d 190, 205 (Tex. App.—Austin 1992, no writ). While the award of attorney's fees being
conditioned on a successful appeal is probably implied in the trial court's judgment, we reform the
judgment to reflect that Citibank is only eligible to receive attorney's fees if the appeal is successful. 
See J.C. Penney Life Ins. Co. v. Heinrich, 32 S.W.3d 280, 290 (Tex. App.—San Antonio 2000, pet.
denied). 
4)        Conclusion
            Because Citibank failed to prove the contractual amount of the interest, Citibank failed to
prove there were no genuine issues of material fact concerning the amount of its damages or
concerning whether the interest rates charged were authorized under South Dakota law. Therefore,
the trial court erred in granting summary judgment. We reform the trial court's judgment to
condition the award of attorney's fees on the success of the appeal. Because we have held that the
trial court erred in granting the summary judgment, Citibank is not eligible to receive attorney's fees
for this unsuccessful appeal. 
            We reverse and remand this case to the trial court for further proceedings consistent with this
opinion.
 
                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          June 6, 2005
Date Decided:             September 9, 2005