Opinion issued February 7, 2008









 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00927-CV






EDWARD WILLIAMS, Appellant


V.


UNIFUND CCR PARTNERS ASSIGNEE OF CITIBANK, Appellee






On Appeal from County Civil Court at Law No. 3

Harris County, Texas

Trial Court Cause No. 845410






O P I N I O N

 Appellant, Edward Williams, appeals the trial court's order that granted
appellee's, Unifund CCR Partners Assignee of Citibank's (Unifund), motion for
summary judgment. In five issues, Williams contends that (1) Unifund's summary
judgment evidence was insufficient to establish that an agreement existed between
them; (2) Unifund's claim was barred by the statute of limitations; (3) Unifund's
summary judgment evidence was insufficient to establish the proper finance charges;
(4) Unifund's summary judgment evidence was insufficient to establish its right to
recover interest at a rate of 19.8% and statutory attorney's fees; and (5) Unifund
failed to establish its right to recover on a sworn account.

 We reverse and remand.

Background

 Citibank (South Dakota), N.A. (Citibank) and Williams entered into a credit
agreement allowing Williams to receive cash advances and to purchase goods and
services. Williams made charges and payments on the account, and interest rates
between 20.15-22.4% were reported on his statements. Williams then quit making
payments and the account was closed on January 12, 2001. Williams then made
several more payments, and his statements reflected that Citibank granted him
deferment credits and an interest rate of 5%. The statements from Citibank reported
that Williams's last payment was received on October 15, 2001. The last statement
from Citibank was dated June 13, 2002 and reflected a balance of $7,895.00 and an
interest rate of 19.8%. The last statement in the record is from Unifund to Williams,
reflecting that Unifund had purchased the account from Citibank on June 29, 2005,
and that Williams's account balance at that time was $14,153.90. Unifund filed this
lawsuit on August 19, 2005.

 Unifund filed a motion for summary judgment that did not state a specific
theory of recovery. Unifund's summary judgment evidence included the above
mentioned statements and three affidavits. The affidavit of Angela Freckman, the
designated agent of Unifund, attested that Unifund and Williams entered into an
agreement that allowed Williams to receive cash advances and to purchase goods and
services, that Williams failed to make payments due on the account, and that the
unpaid amount of Williams's account was $14,153.90, exclusive of interest,
attorney's fees and court costs. Freckman attested in her affidavit that a copy of the
agreement was attached and that the attached account was the original, true and
correct account. No copy of the agreement was attached--only copies of the
statements.

 Unifund also submitted the affidavit of Bharati Lengade, the media supervisor
of Unifund, who attested:

 There is due and payable from [Williams] . . . the amount of
$14,153.90 (principal balance in the amount of $7,895.00 plus interest
up through 06/29/2005 in the amount of $6,258.90). By the terms of the
agreement between the defendant and the original creditor, interest is
accruing from the aforesaid date at the rate of 19.80 percent per annum. 
This balance reflects any payments, credits or offsets made since the
account was charged off.


The final affidavit provided by Unifund was an affidavit from its attorney attesting
that Unifund had incurred attorney's fees in the amount of $4,717.97.

 Williams's reply evidence consisted of a copy of his first amended original
answer denying the agreement with Unifund and raising the affirmative defense of
statute of limitations and his own affidavit, which stated:

 I deny the agreement made the basis of this lawsuit.

 [Unifund] did not give me notice and proof of its claim thirty (30)
days prior to filing this law suit as alleged.

 [Unifund] is not entitled to recover in the capacity in which it sues
because I had no agreement with [Unifund].


 The trial court granted Unifund's motion for summary judgment, stating that
it was "of the opinion that [Unifund's] cause of action [was] founded upon a sworn
account (numbered 5424180098219659), or a claim for a liquidated money demand
based upon an agreement between the parties and that no material issue of fact exists
in this cause." The trial court awarded Unifund a judgment in the amount of
$14,153.90 and interest at the rate of 19.8% from June 30, 2005 until the date of the
judgment, and 18% interest from the date of the judgment until the debt was paid. 
The trial court also awarded Unifund attorney's fees and costs in the amount of
$4,717.97 with interest at the court rate of 7.75% per annum until paid.

Analysis

 Williams argues that Unifund's claim was barred by the statute of limitations,
that Unifund did not make a proper claim on a sworn account, that Unifund's
summary judgment evidence was insufficient to establish the existence of an
agreement between them and the specific terms of interest rates and finance charges,
and that Unifund had not proved that it was entitled to court costs and attorney's fees. Statue of Limitations

 In his second issue, Williams argues that the statute of limitations barred
Unifund's right to recovery. A party relying on an affirmative defense to defeat
summary judgment must come forward with summary judgment evidence establishing
a fact issue on each element of the affirmative defense. Suttles v. Thomas Bearden
Co., 152 S.W.3d 607, 614 (Tex. App.--Houston [1st Dist.] 2004, no pet.). The
statute of limitations on a claim for debt based on breach of contract is four years
from the time the cause of action accrues. Tex. Civ. Prac. & Rem. Code Ann. §
16.004(a) (Vernon 2002). Williams made his last payment on October 15, 2001, and
this action commenced on August 19, 2005, which is within the four-year window. 
Williams did not present any summary judgment evidence contradicting these facts.

 We overrule Williams's second issue.

 Sworn Account

 In his fifth issue, Williams argues that the trial court erred in granting summary
judgment on Unifund's claim for a sworn account pursuant to Texas Rule of Civil
Procedure 185. (1) Rule 185 is a procedural tool that limits the evidence necessary to
establish a prima facie right to recovery on certain types of accounts. (2) Tex. R. Civ.
P. 185. Rule 185 applies only "to transactions between persons, in which there is a
sale upon one side and a purchase upon the other, whereby title to personal property
passes from one to the other, and the relation of debtor and creditor is thereby created
by general course of dealing. . . ." Meaders v. Biskamp, 316 S.W.2d 75, 78 (Tex.
1958) (emphasis in original); Bird v. First Deposit Nat'l Bank, 994 S.W.2d 280, 282
(Tex. App.--El Paso 1999, pet. denied); Hou-Tex Printers, Inc. v. Marbach, 862
S.W.2d 188, 190 (Tex. App.--Houston [14th Dist.] 1993, no writ). It does not apply
to transactions between parties resting upon a special contract. Meaders, 316 S.W.2d
at 78; Bird, 994 S.W.2d at 282. A credit card issued by a financial institution is a
special contract that does not create the sort of debtor-creditor relationship to bring
a claim within the scope of Rule 185. See Bird, 994 S.W.2d at 282; see also Sherman
Acquisition II LP v. Garcia, 229 S.W.3d 802, 807 (Tex. App.--Waco 2007, no pet.);
Tully v. Citibank (South Dakota), N.A., 173 S.W.3d 212, 216 (Tex. App.--Texarkana
2005, no pet.). The Bird court reasoned:

We reach this conclusion because no title to personal property passes
from the bank to the cardholder; rather, the card evidences a line of
credit extended by the bank which the cardholder may use to purchase
goods and services from a third party. And where the transaction in
question is a cash advance, there is no good or service involved at all,
but a pure loan of money. An unpaid bank credit card account,
therefore, creates a cause of action for the bank's money or credit
advanced as a loan, but not for goods or services sold or delivered to the
cardholder.


Bird, 994 S.W.2d at 282. Therefore, Rule 185 is not available in a suit to recover
credit card debt. The trial court erred to the extent it granted summary judgment on
Unifund's claim on a sworn account.

 We sustain Williams's fifth issue and hold that Unifund is not entitled to
summary judgment on a sworn account under Rule 185. Although Unifund cannot
prevail under Rule 185, it is important to remember that Rule 185 is merely a
procedural tool that is unavailable here under established law. Williams also argues
that Unifund was not entitled to summary judgment on its breach of contract theory. (3)

 Breach of Contract

 In his first, third, and fourth issues, Williams argues that Unifund's summary
judgment evidence was insufficient to establish a valid and enforceable agreement
between himself and Unifund as a matter of law and that genuine issues of material
fact exist as to the applicable interest rate and finance charges. (4)

 We review de novo a trial court's granting of a traditional motion for summary
judgment. Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex.
2003). A summary judgment under Rule of Civil Procedure 166a(c) is properly
granted only when the movant establishes that there are no genuine issues of material
fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c);
Knott, 128 S.W.3d at 215-16. The movant must establish that it is entitled to
summary judgment as a matter of law on each element of its cause of action. Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999). Only if the movant
conclusively establishes its cause of action does the burden shift to the nonmovant
to respond with evidence raising a genuine issue of material fact that would preclude
summary judgment. Id. at 222-23. In deciding whether there is a disputed material
fact precluding summary judgment, evidence favorable to the nonmovant will be
taken as true, every reasonable inference must be indulged in favor of the nonmovant,
and any doubts must be resolved in favor of the nonmovant. Knott, 128 S.W.3d at
215.

 To be entitled to summary judgment on its breach of contract claim, Unifund
was required to prove, as a matter of law, the essential elements of such a claim:
(1) the existence of a valid contract; (2) performance or tendered performance by the
plaintiff; (3) breach of contract by the defendant; and (4) damages sustained as a
result of the breach. Winchek v. Am. Express Travel Related Servs. Co., 232 S.W.3d
197, 202 (Tex. App.--Houston [1st Dist.] 2007, no pet.). Parties form a binding
contract when the following elements are present: (1) an offer, (2) an acceptance in
strict compliance with the terms of the offer, (3) meeting of the minds, (4) each
party's consent to the terms, and (5) execution and delivery of the contract with the
intent that it be mutual and binding. Id. To be enforceable, a contract must be
sufficiently certain to enable a court to determine the rights and responsibilities of the
parties. Id. (citing T.O. Stanley Boot Co. v. Bank of El Paso, 847 S.W.2d 218, 221
(Tex. 1992)). The material terms of a contract must be agreed upon before a court
can enforce the contract, and the interest rate is a material term. See T.O. Stanley
Boot, 847 S.W.2d at 221 (holding that interest rate is material term in context of
contract to loan money).

 Williams argues that because Unifund did not submit a copy of the credit
agreement signed by Williams, Unifund did not prove the existence of an agreement
or any of its terms. Unifund submitted the affidavit of its designated agent, Angela
Freckman, the affidavit of Unifund's media supervisor, Bharati Lengade, a statement
from Unifund to Williams, and multiple statements from Citibank to Williams. 
However, Unifund did not produce the actual agreement or any other document that
established the agreed terms, including the applicable interest rate or the method for
determining the applicability and amount of finance charges. The interest rate and
other information reflected in the statements that were provided by Unifund are
inconsistent, varying from 5% to 22.4%, and there is no indication of the agreement
reached as to interest. Furthermore, Unifund presented no evidence on how it
calculated the interest rates and finance charges that increased Williams's account
balance from the $7,895.00 he owed on the June 2002 statement to the $14,153.90
Unifund claimed in its lawsuit.

 While Unifund's summary judgment evidence might indicate that the parties
had reached an agreement of some kind, their evidence is not sufficient to establish
the terms of a valid contract as a matter of law. See Winchek, 232 S.W.3d at 202;
T.O. Stanley Boot, 847 S.W.2d at 221. Therefore, Unifund did not meet its burden
and summary judgment was inappropriate on Unifund's breach of contract theory. (5) 
See Knott, 128 S.W.3d at 215-16; Winchek, 232 S.W.3d at 202.

 We sustain appellant's first, third and fourth issues as they relate to Unifund's
failure to establish the material terms of the contract as a matter of law.

 Attorney's Fees

 Also in his fourth issue, Williams argues that Unifund was not entitled to
attorney's fees because it did not present the account to him for payment at least 30
days prior to filing suit. See Tex. Civ. Prac. & Rem. Code Ann. § 38.002 (Vernon
1997) (providing that "payment for the just amount owed must not have been
tendered before the expiration of the 30th day after the claim is presented"); see also
id. § 38.001(8) (allowing party who prevails on breach of contract claim to recover
reasonable attorney's fees).

 To recover attorney's fees under section 38.001, a party is required to recover
actual damages. Cytogenix, Inc. v. Waldroff, 213 S.W.3d 479, 489-90 (Tex.
App.--Houston [1st Dist.] 2006, pet. denied) (citing Green Int'l, Inc. v. Solis, 951
S.W.2d 384, 390 (Tex. 1997)). Because we reverse the trial court's award of damages
to Unifund, we also reverse the award of attorney's fees without addressing
Williams's arguments on this issue. See id.

 We sustain appellant's fourth issue as it relates to attorney's fees.



Conclusion

 We reverse the order of the trial court that granted summary judgment and
awarded attorney's fees and remand the cause for further proceedings consistent with
this opinion.





 Evelyn V. Keyes

 Justice


Panel consists of Justices Taft, Keyes, and Alcala.
1. Williams also argues that recovery under a theory of quantum meruit was incorrect. 
Unifund's original pleadings raised the theory of quantum meruit, but nothing in its
motion for summary judgment, the judgment of the trial court, or Unifund's appellate
brief suggests that this theory was relied on in any way.
2. Texas Rule of Civil Procedure 185 provides, "When any action or defense is founded
upon an open account or other claim for goods, wares and merchandise, including any
claim for a liquidated money demand based upon written contract or founded on
business dealings between the parties, or is for personal service rendered, or labor
done or labor or materials furnished, on which a systematic record has been kept, and
is supported by the affidavit of the party, his agent or attorney taken before some
officer authorized to administer oaths, to the effect that such a claim is, within the
knowledge of affiant, just and true, that it is due, and that all just and lawful offsets,
payments and credits have been allowed, the same shall be taken as prima facie
evidence thereof, unless the party resisting such a claim shall file a written denial,
under oath." Tex. R. Civ. P. 185.
3. In its brief, Unifund argues that it "did not seek the procedural advantages of Texas
Rule of Civil Procedure 185, and [it] did not prevail on its claim under the rule."
4. Unifund argues that Williams did not properly challenge its motion for summary
judgment because he did not object in the trial court. We note that we are not being
asked to determine whether Unifund's evidence should have been considered by the
trial court. Rather, we are asked to review whether the evidence that was before the
trial court was sufficient to support its ruling. We overrule Unifund's argument
because a motion for summary judgment must stand on its own merits--Williams
need not have answered or responded to the motion to contend that Unifund's
summary judgment proof is insufficient as a matter of law to support summary
judgment. Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999).
5. Unifund argues that Williams should not prevail on these issues because he did not
present any contradictory evidence at trial. However, Williams's burden to present
evidence showing that there is a genuine issue of material fact only arises if Unifund
presents evidence sufficient to show its right to recover as a matter of law. See
Rhone-Poulenc, 997 S.W.2d at 222-23.