Edward WILLIAMS, Appellant,

v.

**UNIFUND CCR PARTNERS ASSIGNEE OF CITIBANK,** Appellee.

No. 01–06–00927–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 7, 2008.

Ernestine W. Dansby, Houston, TX, for Appellant.

Stephanie Peel Briggs, Hull & Associates, P.C., Jeffrey Chen, Houston, TX, for Appellee.

Panel consists of Justices TAFT, KEYES, and ALCALA.

## OPINION

EVELYN V. KEYES, Justice.

Appellant, Edward Williams, appeals the trial court's order that granted appellee's, Unifund CCR Partners Assignee of Citibank's (Unifund), motion for summary judgment. In five issues, Williams contends that (1) Unifund's summary judgment evidence was insufficient to establish that an agreement existed between them; (2) Unifund's claim was barred by the statute of limitations; (3) Unifund's summary judgment evidence was insufficient to establish the proper finance charges; (4) Unifund's summary judgment evidence was insufficient to establish its right to recover interest at a rate of 19.8% and statutory attorney's fees; and (5) Unifund failed to establish its right to recover on a sworn account.

We reverse and remand.

## Background

Citibank (South Dakota), N.A. (Citibank) and Williams entered into a credit agreement allowing Williams to receive cash advances and to purchase goods and services. Williams made charges and payments on the account, and interest rates between 20.15—22.4% were reported on his statements. Williams then quit making payments and the account was closed on January 12, 2001. Williams then made several more payments, and his statements reflected that Citibank granted him deferment credits and an interest rate of 5%.

The statements from Citibank reported that Williams's last payment was received on October 15, 2001. The last statement from Citibank was dated June 13, 2002 and reflected a balance of $7,895.00 and an interest rate of 19.8%. The last statement in the record is from Unifund to Williams, reflecting that Unifund had purchased the account from Citibank on June 29, 2005, and that Williams's account balance at that time was $14,153.90. Unifund filed this lawsuit on August 19, 2005.

Unifund filed a motion for summary judgment that did not state a specific theory of recovery. Unifund's summary judgment evidence included the above mentioned statements and three affidavits. The affidavit of Angela Freckman, the designated agent of Unifund, attested that Unifund and Williams entered into an agreement that allowed Williams to receive cash advances and to purchase goods and services, that Williams failed to make payments due on the account, and that the unpaid amount of Williams's account was $14,153.90, exclusive of interest, attorney's fees and court costs. Freckman attested in her affidavit that a copy of the agreement was attached and that the attached account was the original, true and correct account. No copy of the agreement was attached—only copies of the statements.

Unifund also submitted the affidavit of Bharati Lengade, the media supervisor of Unifund, who attested:

> There is due and payable from [Williams] ... the amount of $14,153.90 (principal balance in the amount of $7,895.00 plus interest up through 06/29/2005 in the amount of $6,258.90). By the terms of the agreement between the defendant and the original creditor, interest is accruing from the aforesaid date at the rate of 19.80 percent per annum. This balance reflects any pay-

ments, credits or offsets made since the account was charged off.

The final affidavit provided by Unifund was an affidavit from its attorney attesting that Unifund had incurred attorney's fees in the amount of $4,717.97.

Williams's reply evidence consisted of a copy of his first amended original answer denying the agreement with Unifund and raising the affirmative defense of statute of limitations and his own affidavit, which stated:

> I deny the agreement made the basis of this lawsuit.
>
> [Unifund] did not give me notice and proof of its claim thirty (30) days prior to filing this law suit as alleged.
>
> [Unifund] is not entitled to recover in the capacity in which it sues because I had no agreement with [Unifund].

The trial court granted Unifund's motion for summary judgment, stating that it was "of the opinion that [Unifund's] cause of action [was] founded upon a sworn account (numbered 5424180098219659), or a claim for a liquidated money demand based upon an agreement between the parties and that no material issue of fact exists in this cause." The trial court awarded Unifund a judgment in the amount of $14,153.90 and interest at the rate of 19.8% from June 30, 2005 until the date of the judgment, and 18% interest from the date of the judgment until the debt was paid. The trial court also awarded Unifund attorney's fees and costs in the amount of $4,717.97 with interest at the court rate of 7.75% per annum until paid.

## Analysis

Williams argues that Unifund's claim was barred by the statute of limitations, that Unifund did not make a proper claim on a sworn account, that Unifund's summary judgment evidence was insufficient

to establish the existence of an agreement between them and the specific terms of interest rates and finance charges, and that Unifund had not proved that it was entitled to court costs and attorney's fees.

### Statue of Limitations

■ In his second issue, Williams argues that the statute of limitations barred Unifund's right to recovery. A party relying on an affirmative defense to defeat summary judgment must come forward with summary judgment evidence establishing a fact issue on each element of the affirmative defense. *Suttles v. Thomas Bearden Co.,* 152 S.W.3d 607, 614 (Tex. App.-Houston [1st Dist.] 2004, no pet.). The statute of limitations on a claim for debt based on breach of contract is four years from the time the cause of action accrues. TEX. CIV. PRAC. & REM.CODE ANN. § 16.004(a) (Vernon 2002). Williams made his last payment on October 15, 2001, and this action commenced on August 19, 2005, which is within the four-year window. Williams did not present any summary judgment evidence contradicting these facts.

We overrule Williams's second issue.

### Sworn Account

■ In his fifth issue, Williams argues that the trial court erred in granting summary judgment on Unifund's claim for a sworn account pursuant to Texas Rule of Civil Procedure 185.[1] Rule 185 is a procedural tool that limits the evidence necessary to establish a prima facie right to recovery on certain types of accounts.[2] TEX.R. CIV. P. 185. Rule 185 applies only "to transactions between persons, in which there is a sale upon one side and a purchase upon the other, whereby title to *personal* property passes from one to the other, and the relation of debtor and creditor is thereby created by general course of dealing...." *Meaders v. Biskamp,* 159 Tex. 79, 316 S.W.2d 75, 78 (Tex.1958) (emphasis in original); *Bird v. First Deposit Nat'l Bank,* 994 S.W.2d 280, 282 (Tex. App.-El Paso 1999, pet. denied); *Hou–Tex Printers, Inc. v. Marbach,* 862 S.W.2d 188, 190 (Tex.App.-Houston [14th Dist.] 1993, no writ). It does not apply to transactions between parties resting upon a special contract. *Meaders,* 316 S.W.2d at 78; *Bird,* 994 S.W.2d at 282. A credit card issued by a financial institution is a special contract that does not create the sort of debtor-creditor relationship to bring a claim within the scope of Rule 185. *See Bird,* 994 S.W.2d at 282; *see also Sherman Acquisition II LP v. Garcia,* 229 S.W.3d 802, 807 (Tex.App.-Waco 2007, no pet.); *Tully v. Citibank (South Dakota), N.A.,* 173 S.W.3d 212, 216 (Tex.App.-Texarkana 2005, no pet.). The *Bird* court reasoned:

> We reach this conclusion because no title to personal property passes from the

1. Williams also argues that recovery under a theory of quantum meruit was incorrect. Unifund's original pleadings raised the theory of quantum meruit, but nothing in its motion for summary judgment, the judgment of the trial court, or Unifund's appellate brief suggests that this theory was relied on in any way.

2. Texas Rule of Civil Procedure 185 provides, "When any action or defense is founded upon an open account or other claim for goods, wares and merchandise, including any claim for a liquidated money demand based upon written contract or founded on business dealings between the parties, or is for personal service rendered, or labor done or labor or materials furnished, on which a systematic record has been kept, and is supported by the affidavit of the party, his agent or attorney taken before some officer authorized to administer oaths, to the effect that such a claim is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the party resisting such a claim shall file a written denial, under oath." TEX.R. CIV. P. 185.

bank to the cardholder; rather, the card evidences a line of credit extended by the bank which the cardholder may use to purchase goods and services from a third party. And where the transaction in question is a cash advance, there is no good or service involved at all, but a pure loan of money. An unpaid bank credit card account, therefore, creates a cause of action for the bank's money or credit advanced as a loan, but not for goods or services sold or delivered to the cardholder.

*Bird,* 994 S.W.2d at 282. Therefore, Rule 185 is not available in a suit to recover credit card debt. The trial court erred to the extent it granted summary judgment on Unifund's claim on a sworn account.

We sustain Williams's fifth issue and hold that Unifund is not entitled to summary judgment on a sworn account under Rule 185. Although Unifund cannot prevail under Rule 185, it is important to remember that Rule 185 is merely a procedural tool that is unavailable here under established law. Williams also argues that Unifund was not entitled to summary judgment on its breach of contract theory.[3]

### Breach of Contract

■ In his first, third, and fourth issues, Williams argues that Unifund's summary judgment evidence was insufficient to establish a valid and enforceable agreement between himself and Unifund as a matter of law and that genuine issues of material

fact exist as to the applicable interest rate and finance charges.[4]

We review de novo a trial court's granting of a traditional motion for summary judgment. *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex. 2003). A summary judgment under Rule of Civil Procedure 166a(c) is properly granted only when the movant establishes that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Knott,* 128 S.W.3d at 215–16. The movant must establish that it is entitled to summary judgment as a matter of law on each element of its cause of action. *Rhone–Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 223 (Tex.1999). Only if the movant conclusively establishes its cause of action does the burden shift to the nonmovant to respond with evidence raising a genuine issue of material fact that would preclude summary judgment. *Id.* at 222–23. In deciding whether there is a disputed material fact precluding summary judgment, evidence favorable to the nonmovant will be taken as true, every reasonable inference must be indulged in favor of the nonmovant, and any doubts must be resolved in favor of the nonmovant. *Knott,* 128 S.W.3d at 215.

■ To be entitled to summary judgment on its breach of contract claim, Unifund was required to prove, as a matter of law, the essential elements of such a claim: (1) the existence of a valid contract; (2) performance or tendered performance

---

3. In its brief, Unifund argues that it "did not seek the procedural advantages of Texas Rule of Civil Procedure 185, and [it] did not prevail on its claim under the rule."

4. Unifund argues that Williams did not properly challenge its motion for summary judgment because he did not object in the trial court. We note that we are not being asked to determine whether Unifund's evidence should have been considered by the trial court. Rather, we are asked to review wheth-

er the evidence that was before the trial court was sufficient to support its ruling. We overrule Unifund's argument because a motion for summary judgment must stand on its own merits—Williams need not have answered or responded to the motion to contend that Unifund's summary judgment proof is insufficient as a matter of law to support summary judgment. *Rhone–Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 223 (Tex.1999).

by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained as a result of the breach. *Winchek v. Am. Express Travel Related Servs. Co.*, 232 S.W.3d 197, 202 (Tex.App.-Houston [1st Dist.] 2007, no pet.). Parties form a binding contract when the following elements are present: (1) an offer, (2) an acceptance in strict compliance with the terms of the offer, (3) meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding. *Id.* To be enforceable, a contract must be sufficiently certain to enable a court to determine the rights and responsibilities of the parties. *Id.* (citing *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex.1992)). The material terms of a contract must be agreed upon before a court can enforce the contract, and the interest rate is a material term. *See T.O. Stanley Boot*, 847 S.W.2d at 221 (holding that interest rate is material term in context of contract to loan money).

▆▆ Williams argues that because Unifund did not submit a copy of the credit agreement signed by Williams, Unifund did not prove the existence of an agreement or any of its terms. Unifund submitted the affidavit of its designated agent, Angela Freckman, the affidavit of Unifund's media supervisor, Bharati Lengade, a statement from Unifund to Williams, and multiple statements from Citibank to Williams. However, Unifund did not produce the actual agreement or any other document that established the agreed terms, including the applicable interest rate or the method for determining the applicability and amount of finance

charges. The interest rate and other information reflected in the statements that were provided by Unifund are inconsistent, varying from 5% to 22.4%, and there is no indication of the agreement reached as to interest. Furthermore, Unifund presented no evidence on how it calculated the interest rates and finance charges that increased Williams's account balance from the $7,895.00 he owed on the June 2002 statement to the $14,153.90 Unifund claimed in its lawsuit.

While Unifund's summary judgment evidence might indicate that the parties had reached an agreement of some kind, their evidence is not sufficient to establish the terms of a valid contract as a matter of law. *See Winchek*, 232 S.W.3d at 202; *T.O. Stanley Boot*, 847 S.W.2d at 221. Therefore, Unifund did not meet its burden and summary judgment was inappropriate on Unifund's breach of contract theory.[5] *See Knott*, 128 S.W.3d at 215–16; *Winchek*, 232 S.W.3d at 202.

We sustain appellant's first, third and fourth issues as they relate to Unifund's failure to establish the material terms of the contract as a matter of law.

### Attorney's Fees

Also in his fourth issue, Williams argues that Unifund was not entitled to attorney's fees because it did not present the account to him for payment at least 30 days prior to filing suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.002 (Vernon 1997) (providing that "payment for the just amount owed must not have been tendered before the expiration of the 30th day after the claim is presented"); *see also id.* § 38.001(8) (allowing party who prevails on

---

5. Unifund argues that Williams should not prevail on these issues because he did not present any contradictory evidence at trial. However, Williams's burden to present evidence showing that there is a genuine issue of

material fact only arises if Unifund presents evidence sufficient to show its right to recover as a matter of law. *See Rhone–Poulenc*, 997 S.W.2d at 222–23.

breach of contract claim to recover reasonable attorney's fees).

■ To recover attorney's fees under section 38.001, a party is required to recover actual damages. *Cytogenix, Inc. v. Waldroff*, 213 S.W.3d 479, 489–90 (Tex. App.-Houston [1st Dist.] 2006, pet. denied) (citing *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex.1997)). Because we reverse the trial court's award of damages to Unifund, we also reverse the award of attorney's fees without addressing Williams's arguments on this issue. *See id.*

We sustain appellant's fourth issue as it relates to attorney's fees.

### Conclusion

We reverse the order of the trial court that granted summary judgment and awarded attorney's fees and remand the cause for further proceedings consistent with this opinion.