Reversed and Remanded and Memorandum Opinion filed August 28, 2008








Reversed and Remanded and Memorandum Opinion filed August 28, 2008.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00048-CV

_______________

 

CELIA BARAJAS, Appellant

 

V.

 

HARVEST CREDIT MANAGEMENT, VI-B, LLC, as Assignee of
Metris Direct Merchants Bank, Appellee

                                                                                                                                               


On Appeal from the County Court at Law
No. 3

Harris County, Texas

Trial Court Cause No. 866606

                                                                                                                                               


 

M E M O R A N D U M    O P I N I O N

In this suit to collect a credit-card
debt, debtor Celia Barajas asks us to reverse the traditional summary judgment
granted in favor of the creditor=s assignee, appellee Harvest Credit
Management, VI-B, LLC (AHarvest@).  Because Harvest failed to establish its entitlement to
judgment on its contract claim as a matter of law, we reverse and remand.

I.  Factual
and Procedural Background








Celia Barajas received, signed, and
returned an application for a credit card from Metris Direct Merchants Bank (AMetris@).  Metris issued her a credit card,
and Barajas accepted and agreed to the terms and conditions associated with its
use.  Under the terms of the account, Barajas was required to pay in full for
all charges incurred through her use of the credit card.

Harvest, in its asserted capacity as
Metris=s assignee, subsequently sued Barajas
for her alleged indebtedness on the account.  The trial court granted
traditional summary judgment in Harvest=s favor, and this appeal ensued.

II.  Issue
Presented

In her sole issue on appeal, Barajas
contends the summary judgment in favor of Harvest should be reversed because
(a) some of the exhibits offered in support of the motion are defective
and are not competent summary judgment evidence, and (b) no other evidence
supports the summary judgment.  

III. 
Standard of Review

We review a summary judgment de
novo.  Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex.
2005). To prevail on a summary judgment motion, the movant must establish that
there are no genuine issues of material fact and that it is entitled to
judgment as a matter of law.  See Tex.
R. Civ. P. 166a(c).  Once the movant establishes a right to judgment as
a matter of law, the burden shifts to the non‑movant to produce evidence
raising a genuine issue of material fact.  Id.; City of Houston v.
Clear Creek Basin Auth., 589 S.W.2d 671, 678B79 (Tex. 1979).  In our review, we
take as true all evidence favorable to the non‑movant, and we indulge
every reasonable inference and resolve any doubts in the non‑movant=s favor.  Sw. Elec. Power Co. v.
Grant, 73 S.W.3d 211, 215 (Tex. 2002).

IV. 
Analysis








Barajas asserts that Harvest failed
to prove that she Amade purchases and cash advances on [the] credit card, and
the items, dates, amounts, and [these] were made [sic] signed for or by@ her.  In connection with this
argument, we note that in her statement of facts, Barajas made the
uncontroverted assertion that Ano agreement has been introduced to establish what terms and
conditions Appellant agreed to by accepting and using the Card to purchase
various goods, wares, merchandise, services, or to take cash advances.@[1]  

To be entitled to summary judgment on
its breach-of-contract claim, Harvest was required to prove, as a matter of
law, the following essential elements of its claim: (1) the existence of a
valid contract, (2) performance or tendered performance by the plaintiff,
(3) breach of contract by the defendant, and (4) damages sustained as a
result of the breach.  See Winchek v. Am. Express Travel Related Servs. Co.,
232 S.W.3d 197, 202 (Tex. App.CHouston [1st Dist.] 2007, no pet.).  Parties form a binding
contract when the following elements are present: (1) an offer, (2) an
acceptance in strict compliance with the terms of the offer, (3) meeting
of the minds, (4) each party=s consent to the terms, and (5) execution and delivery
of the contract with the intent that it be mutual and binding.  Id.  To
be enforceable, a contract must be sufficiently certain to enable a court to
determine the rights and responsibilities of the parties.  Id. (citing T.O.
Stanley Boot Co. v. Bank of El Paso, 847 S.W.2d 218, 221 (Tex.1992)).  The
material terms of a contract must be agreed upon before a court can enforce the
contract.  See T.O. Stanley Boot, 847 S.W.2d at 221 (holding that
interest rate is material term in context of contract to loan money).








Here, Harvest=s summary-judgment evidence did not
include the actual agreement or any other evidence that established the agreed
terms, including the applicable interest rate or the method for determining the
applicability and amount of finance charges.  Harvest also produced no evidence
regarding any transactions or cash advances associated with the account or any
statements issued to Barajas.  Moreover, statements contained in affidavits
offered in support of Harvest=s motion for summary judgment conflict with Harvest=s representations in its pleadings
and in its summary-judgment motion.  For example, Harvest attached two
documents to its original petition.  The first document is identified by
Harvest as an affidavit by Martin Ravin, Harvest=s general manager, in which he stated
that the interest rate applicable to Barajas=s account is 23.9%.  The second
document is entitled ADirect Merchants Credit Card Bank Last Statement Details,@ and identifies the applicable
interest rate as 29.99%.  As summary-judgment evidence,[2]
however, Harvest attached David Ravin=s affidavit, in which he asserted
that Barajas=s indebtedness includes interest at an unspecified Alegal rate.@  








The summary-judgment motion and
evidence also presented conflicting statements regarding the basis for the
alleged indebtedness.  Contrary to the representations in its pleadings and
summary-judgment motion that Harvest purchased the account from Metris, Harvest=s summary-judgment evidence includes
David Ravin=s statement that Harvest Ais the original and current owner and holder of the
account.@ (emphasis added).[3] 
He further represented that ADefendant became obligated to Plaintiff on this debt by
purchasing items of goods, wares, merchandise, or services sold to the
Defendant by Plaintiff and for which Plaintiff sues.@ (emphasis added). 

We conclude that the evidence offered
in support of Harvest=s motion for traditional summary judgment presents questions
of material fact and is insufficient to establish the terms of a valid contract
as a matter of law.  See Williams v. Unifund CCR Partners Assignee of
Citibank, BS.W.3dB, No. 01-06-00927-CV, 2008 WL 339855, at *4 (Tex. App.CHouston [1st
Dist.] Feb. 7, 2008, no pet.) (reversing summary judgment where the creditor failed to produce
evidence establishing the contract=s terms).  We therefore sustain
Barajas=s sole issue on appeal.

V. 
Conclusion

Because Harvest failed to carry its
summary-judgment burden, we reverse the trial court=s judgment and remand the case for
further proceedings consistent with this opinion.

 

 

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum
Opinion filed August 28, 2008.

Panel consists of Justices Frost,
Seymore, and Guzman. 









[1]  See Tex.
R. App. P. 38.1(f) (AIn a civil
case, the court will accept as true the facts stated unless another party
contradicts them.@).  Further, Barajas=s statement of facts is consistent with her answers to requests for
admissions, which she filed as an attachment to her answer to Harvest=s petition in the trial court.  There, she admitted
that she applied to Metris for a credit card; that her application was
approved; and that she accepted and agreed to the terms and conditions
associated with the credit card account, including terms requiring her to pay
Metris in full for all charges incurred by her use of the card.  See Tex. R. Civ. P. 166a(c) (trial court
considers pleadings and admissions of the parties in rendering summary
judgment). 





[2]  The exhibits Harvest offered in support of its
motion for summary judgment include:

A.         Defendant=s Original Answer and Original Cross-Complaint, with attached Affidavit
of Celia Barajas;

B.         Two Affidavits by David Ravin;

C.         A computer print-out of the amounts alleged
by Harvest as the original claim amount, interest, and total amount due;

D.         Affidavit of Harvest=s attorney regarding attorneys= fees;

E.         A demand letter from Harvest=s attorney to Celia Barajas, dated December 12, 2005;
and

F.         A computer print-out of the text of 15
U.S.C.A. ' 1666.

Barajas
argues that an unidentified exhibit is A[n]ot
a copy of agreement indicating terms, conditions, and attorneys[=] fees.@ 
In support of her position that such particulars must be included with these
exhibits, Barajas relies solely on Guthrie v. Suiter.  934 S.W.2d 820,
824B25 (Tex. App.CHouston
[1st Dist.] 1996, no writ).  In Guthrie, the First Court of Appeals
applied Texas Rule of Civil Procedure 166a(f), and held that the trial court
did not abuse its discretion in refusing to consider an expert-opinion
affidavit in which the expert referred to documents that were not attached to or
filed with the affidavit. Id. (citing Tex.
R. Civ. P. 166a(f)).  Rule 166a(f) provides in pertinent part that A[s]worn or certified copies of all papers or parts
thereof referred to in an affidavit shall be attached thereto or served
therewith.@  Tex. R. Civ.
P. 166a(f) (emphasis added).  Here, Exhibits C, E, and F are not
affidavits and do not refer to other papers; hence, Guthrie=s application of Rule 166a(f) does not apply to them. 


Exhibit B, however, contains two
affidavits by Harvest employee David Ravin.  In the first of these, Ravin
states that he is the custodian of Harvest=s
records, but he makes no reference to any of Harvest=s records.  The only documents referred to in this
affidavit are Harvest=s motion for summary judgment, and Harvest=s original petition.  Both of these documents were
filed with the court and served on Barajas, and the affidavit was attached to
the motion for summary judgment.  In his second affidavit, the only document to
which Ravin refers is Barajas=s answer, and a
copy of the answer was served with the affidavit and the motion for summary
judgment.  Thus, neither the reasoning in Guthrie nor the text of Rule
166a(f) requires the exclusion of these affidavits. 





[3]  Barajas did not argue, at trial or on appeal, that
the affidavits were improperly attested or failed to demonstrate how the
affiant obtained personal knowledge of the facts recited therein.