Opinion issued December 10, 2009

















In The

Court of Appeals

For The

First District of Texas






NO. 01-09-00135-CV






DARRYL G. WRIGHT, Appellant


V.


ATLANTIC CREDIT & FINANCE, INC., Appellee






On Appeal from County Civil Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 915763





MEMORANDUM OPINION 


 In this lawsuit to collect credit card debt, appellant, Darryl G. Wright, appeals
a summary judgment in favor of Atlantic Credit & Finance, Inc. ("Atlantic), awarding
Atlantic $13,582.99 in actual damages, as well as attorney's fees, costs of court, and
post-judgment interest. In five issues, Wright contends the trial court erred by
granting Atlantic's motion for summary judgment because limitations bars Atlantic's
claim, Atlantic's summary judgment evidence does not conclusively establish all the
elements of its claim, Atlantic is not entitled to attorney's fee, and Atlantic is not
entitled to recover on its claims for suit on a sworn account or quantum meruit. We
conclude Wright did not plead the statute of limitations and Wright's deemed
admissions and Atlantic's uncontroverted summary judgment evidence conclusively
establish Atlantic's entitlement to recover on breach of contract and its entitlement
to attorney's fees. We affirm. 

Background

 Wright opened a credit card account with Household Bank. The credit card
allowed Wright to make charges and receive cash advances, which he was obligated
to repay under the terms of his agreement with Household Bank. Wright received
monthly statements showing his account expenditures, payments, and monthly
balances. Wright failed to pay the amount owed on the account as of January 2006.
Atlantic purchased the debt on Wright's credit card account from Household Bank.

 Atlantic filed suit against Wright based on Wright's failure to pay the balance
on the account. Atlantic sought $13,582.99 in unpaid principal and interest. Atlantic
served Wright with requests for admission to which Wright did not respond. Among
the requests for admissions were requests to admit or deny that Wright had entered
into an agreement with Household Bank, Wright had failed to pay the balance owed,
Wright's balance was $13,582.99, and Wright agreed to an interest rate of at least
18%.

 Atlantic moved for summary judgment based on Wright's failure to respond to
the requests for admissions, an affidavit concerning Wright's account, and testimony
from Atlantic's attorney in support of an award for reasonable and necessary fees in
the amount of $3,395.75. Wright did not file a response or evidence in opposition to
Atlantic's motion for summary judgment. 

 The trial court granted Atlantic's motion for summary judgment. The trial
court rendered final judgment in favor of Atlantic, awarding $13,582.99 in damages,
$3,395.75 in attorney's fees $3,395.75 in additional attorney's fees in the event of an
unsuccessful appeal by Wright, post-judgment interest, and costs of court. Wright
timely appealed the trial court's judgment.

Statute of Limitations

 In his first issue, Wright contends the trial court erred by rendering summary
judgment in favor of Atlantic because Atlantic's claim was barred by the statute of
limitations.

 The statute of limitations is an affirmative defense that must be specifically
pleaded or it is waived. Tex. R. Civ. P. 94; see Woods v. William M. Mercer, Inc.,
769 S.W.2d 515, 517 (Tex. 1988). Here, Wright did not plead the statute of
limitations as an affirmative defense and, therefore, waived limitations as a defense. 
Additionally, Wright did not raise limitations in a response to Atlantic's motion for
summary judgment or present evidence in support of the defense. See Williams v.
Unifund CCR Partners Assignee of Citibank, 264 S.W.3d 231, 234 (Tex.
App.--Houston [1st Dist.] 2008, no pet.) (debtor asserting limitations did not defeat
creditor's motion for summary judgment because debtor produced no summary
judgment evidence in support of limitations). We hold the trial court did not err by
rendering summary judgment because no pleadings or evidence raise the issue of
limitations. 

 We overrule Wright's first issue.

Breach of Contract

 In his third issue, Wright contends Atlantic's summary judgment evidence is
"insufficient to establish the existence of an agreement between them and the specific
terms of interest rates and finance charges." 


 A. Applicable Law

 We review summary judgments de novo. Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005). Summary judgment is proper only when a movant
establishes that there is no genuine issue of material fact and that the movant is
entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A plaintiff moving
for summary judgment on its claim must establish its right to summary judgment by
conclusively proving all the elements of its cause of action as a matter of law. 
Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999); Anglo-Dutch
Petroleum Int'l, Inc. v. Haskell, 193 S.W.3d 87, 95 (Tex. App.--Houston [1st Dist.]
2006, pet. denied). In reviewing a summary judgment, we must indulge every
reasonable inference in favor of the nonmovant, take all evidence favorable to the
nonmovant as true, and resolve any doubts in favor of the nonmovant. Valence
Operating Co., 164 S.W.3d at 661. 

 The essential elements of a breach of contract claim are: (1) the existence of
a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach
of contract by the defendant; and (4) damages sustained as a result of the breach. 
Williams, 264 S.W.3d at 235-36 (citing Winchek v. Am. Express Travel Related
Servs. Co., 232 S.W.3d 197, 202 (Tex. App.--Houston [1st Dist.] 2007, no pet.)). 
"Parties form a binding contract when the following elements are present: (1) an
offer, (2) an acceptance in strict compliance with the terms of the offer, (3) meeting
of the minds, (4) each party's consent to the terms, and (5) execution and delivery of
the contract with the intent that it be mutual and binding." Id. at 236 (citing Winchek,
232 S.W.3d at 202). "To be enforceable, a contract must be sufficiently certain to
enable a court to determine the rights and responsibilities of the parties." Id. (citing
Winchek, 232 S.W.3d at 202). "The material terms of a contract must be agreed upon
before a court can enforce the contract, and the interest rate is a material term." Id.
(citing T.O. Stanley Boot Co. v. Bank of El Paso, 847 S.W.2d 218, 221 (Tex. 1992)).

 B. Analysis

 Atlantic served requests for admissions on Wright. The requests for
admissions included the following matters:

 Based on [Wright's] request, [Atlantic] (or [Atlantic's] predecessor in
interest) opened the [credit card] account.


 [Wright] entered into an agreement to create a charge account for credit.


 [Atlantic] (or [Atlantic's] predecessor in interest) offered an extension of credit
to [Wright] in exchange for [Wright's] promise to repay the credit.


 [Wright] presently owes [Atlantic] the amount of $13,582.99.


 A contractual interest rate of at least 18% per year was agreed to by
[Wright] and [Atlantic].

Wright never responded to Atlantic's requests for admissions. Unanswered requests
for admissions are deemed admitted and any matter thus admitted is "conclusively
established" as being true. Tex. R. Civ. P. 198.3; see Wal-Mart Stores, Inc., v. Deggs,
968 S.W.2d 354, 355 (Tex. 1998). 

 Atlantic submitted the deemed admissions in support of its motion for summary
judgment. In addition, Atlantic submitted an affidavit in which one of its employees
stated Atlantic had been assigned Wright's account by Household Bank and its
records showed Wright had last made a payment in January 2006.

 The deemed admissions and the uncontroverted affidavit establish: (1) the
existence of a valid contract; (2) performance by the Household; (3) breach of
contract by Wright; and (4) damages sustained as a result of the breach. See
Williams, 264 S.W.3d at 235-36. Furthermore, the deemed admissions specifically
cover the agreed upon interest rate. See id. at 236. We hold the trial court properly
rendered summary judgment on the claim for breach of contract.

 We overrule Wright's third issue. 

Attorney's Fees

 In his fourth issue, Wright challenges the trial court's award for attorney's fees. 
Specifically, Wright asserts Atlantic is not entitled to attorney's fees because it did
not present the account to him for payment at least 30 days prior to filing suit. (1)

 In the requests for admission, Atlantic requested Wright to admit or deny that,
prior to filing suit, Atlantic made a demand for the outstanding balance and that
Wright had received a demand letter for payment of the account. Wright failed to
respond, and therefore, he is deemed to have admitted these facts. See Tex. R. Civ.
P. 198.3; see Wal-Mart Stores, Inc., 968 S.W.2d at 355. 

 We overrule Wright's fourth issue.

Suit on a Sworn Account and Quantum Meruit

 In his second and fifth issues, Wright contends the trial court improperly
awarded summary judgment on Atlantic's claims for suit on a sworn account and
quantum meruit.

 When the trial court does not specify the basis for its ruling, it is appellant's
burden on appeal to show that each of the independent grounds asserted in support
of summary judgment is insufficient to support the judgment. See Star-Telegram,
Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995). When the trial court's order granting
summary judgment does not specify the grounds upon which it was granted, we will
affirm the judgment if any of the theories advanced are meritorious. Carr v. Brasher,
776 S.W.2d 567, 569 (Tex. 1989).

 Having overruled Wright's issues concerning Atlantic's breach of contract
claim, the judgment may be affirmed on that ground. We therefore need not address
Wright's second and fifth issues.

Conclusion

 We affirm the judgment of the trial court.



 Elsa Alcala

 Justice


Panel consists of Justices Keyes, Alcala, and Hanks.
1. See Tex. Civ. Prac. & Rem. Code Ann. § 38.001(3) (Vernon Supp. 2009) (providing 
attorney's fees are recoverable provided "payment for the just amount owed must not
have been tendered before the expiration of the 30th day after the claim is presented").