Opinion issued January 20, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-01000-CV

———————————

Gry Strand Taraldsen, Appellant

V.

Dodeka,
L.L.C., Appellee



 



 

On Appeal from the County Court at Law No. 3

Harris County, Texas



Trial Court Case No. 936226

 



MEMORANDUM OPINION

This is an
appeal of a traditional summary judgment in a credit card debt collection
matter.  Dodeka L.L.C. sued Gry Strand
Taraldsen for breach of contract and moved for summary judgment to collect the
unpaid credit card debt and attorney’s fees. 
The trial court granted the motion. 
Taraldsen appeals, contending that the trial court erred in granting
summary judgment because Dodeka failed to prove the existence of a binding
agreement.  Finding no error, we affirm.

Background

Chase Bank issued a credit card
account to Taraldsen in 2004.  Taraldsen
used the card and made periodic payments on the balance until March 2006.  Unifund Portfolio A, LLC acquired the right
to collect on the account from Chase Bank, which it transferred to Unifund CCR
Partners (Unifund).  In 2008, Unifund
assigned its rights to Dodeka.  Soon
after, Dodeka sued Taraldsen to recover the unpaid balance under a breach of
contract theory.

In its original petition, Dodeka
alleged damages in the amount of $13,965.48, representing the sum of the unpaid
principal plus interest.  The petition
alleged that Taraldsen had purchased and received goods and services using the
card and that she had incurred all of the charges on the account. 

In its motion for summary judgment,
Dodeka contended that Taraldsen’s use of the credit card and payments on the
account conclusively establish that she had agreed to be bound to the account’s
terms.  Dodeka included (1) an affidavit
from Unifund’s agent explaining the business records documenting the existence
and terms of the original account and the amount of principal due; (2) an
affidavit from Dodeka’s agent authenticating its own business records,
documenting the account’s chain of title, and reciting the total balance due;
(3) an unsigned copy of the credit card agreement; and (4) an affidavit showing
Taraldsen’s non-military status.  

Discussion

We review de novo the trial court’s
grant of a motion for summary judgment.  Provident Life & Accid. Ins. Co. v.
Knott, 128 S.W.3d 211, 215–16 (Tex. 2003). 
To be successful, a motion under Texas Rule of Civil Procedure 166a(c)
must establish that there is no genuine issue as to any material fact and that
the movant is entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a(c).  When a
plaintiff moves for summary judgment on its own claim, the plaintiff must
conclusively prove all essential elements of its cause of action as a matter of
law.  Rhône-Poulenc, Inc. v. Steel, 997
S.W.2d 217, 223 (Tex. 1999); City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).

If the movant conclusively
establishes its cause of action, the burden shifts to the nonmovant to respond
with evidence raising a genuine issue of material fact that would preclude
summary judgment.  Rhône-Poulenc, 997
S.W.2d at 222–23.  In deciding whether a
disputed material fact precludes summary judgment, we take as true evidence
favorable to the nonmovant and indulge every reasonable inference in the
nonmovant’s favor.  Knott, 128 S.W.3d at 215.




 

Breach of
Contract

To be entitled to summary judgment
on its breach of contract claim, Dodeka was required to prove, as a matter of
law, (1) the existence of a valid contract; (2) performance or tendered
performance by the plaintiff; (3) breach of contract by the defendant; and (4)
damages sustained as a result of the breach. 
Williams v. Unifund CCR Partners,
264 S.W.3d 231, 235–36 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (citing Wincheck v. Am. Express Travel Related
Servs. Co., 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.] 2007, no
pet.)).  Parties form a binding contract
when the following elements are present: (1) an offer, (2) an acceptance in
strict compliance with the terms of the offer, (3) meeting of the minds, (4)
each party’s consent to the terms, and (5) execution and delivery of the
contract with the intent that it be mutual and binding.  Id.
at 236.

Taraldsen contends that Dodeka did
not conclusively establish the fifth element, that is, the execution and
delivery of a contract with the intent that it be mutual and binding.  Taraldsen points to the absence of a signed
credit card agreement as support for this contention.  Texas law, however, “recognizes that a
contract need not be signed to be ‘executed’ unless the parties explicitly
require signatures as a condition of mutual assent.”  Mid-Continent
Cas. Co. v. Global Enercom Mgmt., Inc., 323 S.W.3d 151, 157 (Tex. 2010).  Manifestations of intent through actions and
words may demonstrate delivery of a contract and enable its enforcement.  Wincheck,
232 S.W.3d at 204.  

The credit card agreement
accompanying Dodeka’s motion states that “you will be bound by this agreement
if you or anyone authorized by you use your account for any purpose.”  The affidavits included with the summary
judgment establish that Taraldsen either used or authorized the use of the card
and also made payments on the account. 
This evidence meets Dodeka’s burden to show the existence of a binding
contract.  See Wincheck, 232 S.W.3d at 204. 
Taraldsen offered no countervailing evidence.  We therefore hold that the trial court
correctly granted Dodeka’s motion.[1]

Conclusion

We hold that the trial court
correctly granted Dodeka’s motion for summary judgment.  We therefore affirm the judgment of the trial
court.

 

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel consists of Justices Keyes, Higley, and Bland.











[1]           This holding makes it unnecessary to
address Taraldsen’s remaining issue.