**Opinion issued October 11, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00116-CV

————————————

## WILLIAM D. MARTIN, Appellant

## V.

## FEDERATED CAPITAL CORPORATION D/B/A FEDERATED FINANICAL CORPORATION OF AMERICA, Appellee

On Appeal from the County Court at Law No. 4
Harris County, Texas
Trial Court Case 994188

## MEMORANDUM OPINION

Appellant, William D. Martin, challenges the trial court's rendition of summary judgment in favor of appellee, Federated Capital Corporation doing business as Federated Financial Corporation of America ("Federated"), in

Federated's suit against Martin for breach of contract and on a sworn account.  In his sole issue,[1] Martin contends that the trial court erred in granting Federated summary judgment.

We reverse and remand.

## Background

In its original petition, Federated alleged that Martin defaulted on the terms of a credit card agreement issued by Advanta Bank, the credit card account had since been "charged off to profit and loss by the original creditor," and the account was subsequently assigned to Federated.   Federated brought claims against Martin for breach of contract and on a sworn account.  Martin filed multiple documents, including an answer, denying his liability on the account.

Federated then filed its summary-judgment motion,[2] asserting that Martin was indebted to it in the amount of $54,430.68, exclusive of interest, attorney's fees, and court costs.  Federated attached to its motion the affidavit of its designated agent, Sharon L. Dietrich, who reviewed "the file" to obtain "personal

---

[1]    We construe Martin's brief to present a general challenge to the trial court's rendition of summary judgment in favor of Federated.  Because we sustain the issue based upon his primary argument, we do not address Martin's other arguments.

[2]    In a separate no-evidence summary-judgment motion, Federated challenged a counterclaim filed against it by Martin. However, Martin did not prevail on his counterclaim in the trial court, and Martin does challenge any of the trial court's rulings pertaining to his counterclaim.  Accordingly, the no-evidence summary-judgment motion is not at issue in this appeal.

2

knowledge of the facts." Dietrich testified that Martin "entered into an agreement" with the original creditor that allowed him "to receive cash advances and purchase goods and services at different places which honored the credit card as issued," Martin "receive[d] cash advances and/or purchase[d] goods and services" by using the card, Federated purchased the account and is the "present owner and holder of the account," and Martin owed Federated $54,430.68.[3]

Dietrich attached to her affidavit a copy of the "account" documents. The first document attached to Dietrich's affidavit is an affidavit signed by Michael Coco, a former Vice President and Treasurer of Advanta, who testified that Federated purchased "certain business credit card debt portfolios" from Advanta between the years of 2005 and 2008 "via a Contractual Forward Flow Bill of Sale." Attached to Coco's affidavit is a document entitled "Contractual Forward Flow Bill of Sale" that is signed by Michael Coco. And attached to the bill of sale is a redacted document referencing an Advanta account associated with the individual name "William D. Martin" and the business name "Direct Internet Sales."

---

[3]    Although Federated also discussed in its summary-judgment motion its request for attorney's fees and Martin's counterclaim, Federated's summary-judgment motion contained only one substantive paragraph pertaining to its assertion that it had established, as a matter of law, that Martin owed it $54,430.68. The summary-judgment motion is devoid of any discussion regarding the calculation of its damages. The motion is devoid of any other discussion, other than a brief reference to Dietrich's affidavit, or any of the attached documents and records.

Following these documents is a document entitled "Print Debtor Work Card," which includes a variety of computer-coded information that is not explained by any record testimony. The face of the document, however, contains the following information and associated descriptions: "Assignd [sic] $26,279.52," "PrincDue $26,279.52," "In[terest] 35.74 % 28,151.16," and "Tot Due 54,430.86." The document also references an "Assigned" date of May 14, 2008 and "NM1" and NM2" (presumably name 1 and name 2) as "William D. Martin" and "Direct Internet Sales." Attached to this document is what appears to be a copy of a letter from "MasterCard Executive Business Card" addressed to "William Martin" as "Owner Direct Internet Sales." It appears that, at the bottom of this document, there is a signature block that is signed by William Martin as "Pres." of "Direct Internet Sales Inc." Attached to this document are what appear to be eleven credit card statements issued by Advanta to "Direct Internet Sales William D. Martin." These statements include balance summaries, various financial figures, minimum payment due amounts, and entries related to finance charges. Attached to these statements is a document entitled "Advanta Business Card Agreement." Other than the simple statement in Dietrich's affidavit that these documents consist of "account" documents, Federated provided no testimony to address the substantive information contained within any of these business records and explain how the information stated within these documents supported, as a matter of law, its

4

damages claim or the amount actually awarded by the trial court. Finally, Federated attached to its summary-judgment motion an affidavit from its attorney who testified that Federated had incurred reasonable and necessary attorney's fees in the amount of $18,143.56.

Martin filed various documents and motions in which he denied the validity of the account or the amounts owed thereunder, but he has not cited any affidavit testimony that he presented to the trial court.

The trial court granted Federated's summary-judgment motion. However, in its order, the trial court deleted the amount of damages claimed by Federated and instead awarded Federated $20,177 in actual damages and $8,143.56 in attorney's fees.

## Summary Judgment

In his sole issue, Martin argues that the trial court erred in granting Federated summary judgment because he was denied "his right to a fair and impartial trial" and his "civil rights were abridged." In response, Federated contends that the "evidence [is] legally and factually sufficient to support"[4] the finding that Martin breached the credit card agreement.

---

[4] As we discuss below, in reviewing the propriety of the summary judgment, we do not conduct a legal- and factual-sufficiency analysis. Instead, we must determine whether Federated proved that it is entitled to judgment as a matter of law and there is no genuine issue of material fact. *See* TEX. R. CIV. P. 166a(c).

5

To prevail on a summary-judgment motion, a movant has the burden of proving that it is entitled to judgment as a matter of law and there is no genuine issue of material fact. TEX. R. CIV. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). When a plaintiff moves for summary judgment on its claim, it must establish its right to summary judgment by conclusively proving all the elements of its cause of action as a matter of law. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *Anglo–Dutch Petroleum Int'l, Inc. v. Haskell*, 193 S.W.3d 87, 95 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). When deciding whether there is a disputed, material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Every reasonable inference must be indulged in favor of the non-movant and any doubts must be resolved in his favor. *Id.* at 549.

To recover on its breach-of-contract claim against Martin, Federated had to establish that: (1) a valid contract existed; (2) it performed or tendered performance; (3) Martin breached the contract; and (4) LVNV was damaged as a result of Martin's breach. *See Winchek v. Am. Express Travel Related Servs. Co.*, 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Parties form a binding contract when the following elements are present: (1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the

6

minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with the intent that it be mutual and binding. *See Winchek*, 232 S.W.3d at 202.

Federated filed its petition in May 2011, and it attached to its petition the same documents that it subsequently attached to its summary-judgment motion. In both its petition and summary-judgment motion, and in its supporting affidavit testimony, Federated asserted that it was entitled to recover, as a matter of law, the sum of $54,430.68. Federated provided no substantive discussion of the claimed amount in any of its trial court documents. It also made no effort to explain what portions of the claimed amount of damages related to credit card charges, late fees, interest, and the myriad of other fees that appear to be referenced in the account documents. Moreover, on appeal, Federated has made no effort to explain how the trial court determined, as a matter of law, that Federated was instead entitled to recover only $20,177. Instead, in its appellate briefing, Federated has provided this Court with only a general citation to its entire summary-judgment motion and attached summary-judgment evidence.

Our own independent review of the "account" documents, which we again emphasize have not been discussed or addressed in any way by Federated in its trial court documents, supporting affidavits, or appellate briefing, reveals that one of the eleven account statements contains an item referred to as "Charge Off

Account-Principals," and the amount associated with this term is identified as $20,177. But, again, with no discussion of this specific document, term, or amount, and without any discussion as to how Federated sought a total of over $54,000 in damages and why the trial court instead found $20,177 in damages, we cannot conclude that Federated established its entitlement to summary judgment against Martin for the amount awarded.

In sum, we cannot discern from the record before us the basis upon which the trial court could have determined, as a matter of law, that Martin was liable to Federated for the amount of damages it awarded. *See Williams v. Unifund CCR Partners*, 264 S.W.3d 231, 236 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (noting that interest rate and other information reflected in account statements were inconsistent and there was no evidence on how creditor calculated interest rates and finance charges). The evidence presented in this case is not of the same quality as the evidence presented in other cases where this Court has affirmed the granting of a summary judgment in favor of a creditor bringing suit on an outstanding credit card account. *See Winchek*, 232 S.W.3d at 204–05. And, as we note above, Federated did not obtain its judgment following a bench trial, but instead sought to prove its case through summary judgment. *See Kirkpatrick v. LVNV Funding, LLC*, No. 01–11–00382–CV, 2012 WL 1564294, at *5–6 (Tex. App.—Houston [1

8

Dist.] May 3, 2012, no pet.) (concluding that evidence was legally and factually sufficient to support judgment entered in favor of creditor following bench trial).

Here, although the evidence may be sufficient to show that "the parties had reached an agreement of some kind," the evidence was "not sufficient to establish the terms of a valid contract as a matter of law" and did not support the trial court's award of $20,177 plus interest and attorney's fees. *See Williams*, 264 S.W.3d at 236; *see also Wande v. Pharia, L.L.C.*, No. 01–10–00481–CV, 2011 WL 3820774, at *5 (Tex. App.—Houston [1st Dist.] Aug. 25, 2011, no pet.) (reversing trial court's order granting summary judgment in favor of creditor and noting that although there was some evidence of agreement and amounts, creditor "did not present evidence conclusively establishing the amounts that it claimed it was owed and that the trial court awarded in its summary judgment"). Accordingly, we hold that the trial court erred in granting summary judgment in favor of Federated.

We sustain Martin's sole issue.

## Conclusion

We reverse the judgment of the trial court and remand for proceedings consistent with this opinion.

Terry Jennings
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

9