**Affirmed and Memorandum Opinion filed April 29, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00089-CV

## WALTER DAVIDSON AND WILLIAM MURRY, INDIVIDUALLY AND D/B/A ALL ALL WORXS AND AMTEL COMMUNICATIONS, Appellants

### V.

## TEL WEST NETWORK SERVICES CORPORATION, Appellee

**On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2011-61790**

## M E M O R A N D U M   O P I N I O N

Walter Davidson and William Murry, individually and d/b/a All All Worxs and Amtel Communications (collectively, "Amtel"), appeal from the trial court's final judgment in favor of Tel West Network Services Corporation ("Tel West"). In two issues, Amtel argues that the trial court erred by granting Tel West's motion for summary judgment. We affirm.

### BACKGROUND

Amtel sells, installs, and services commercial telephone systems. Amtel operated

under the name Amtel Communications from 1986 through 2006. Amtel merged with Digital Phone Works in 2006. At that time, Amtel's carrier "ported"[1] Amtel's telephone number (713) 977-1000 to Tel West's predecessor in interest, TelePacific Communications Co.

Amtel separated from Digital Phone Works in the summer of 2011 and began operating under the name All All Worx. After the separation, Amtel changed its telephone carrier to VoiPVoiP. Tel West ported the telephone number to Amtel's carrier on July 26, 2011. On August 15, 2011, Tel West ported the telephone number back because its records did not reflect that Amtel was the owner of the telephone number. Amtel subsequently sent change of services requests to Tel West for the telephone number. Tel West ported the telephone number to Amtel's chosen carrier again on October 5, 2011. During this nearly two-month period, Amtel was unable to use its telephone number.

Amtel sued Tel West for breach of contract and negligence on October 30, 2011. On September 5, 2012, Tel West filed a no-evidence motion for summary judgment. The trial court granted the motion, and signed a final judgment in favor of Tel West on October 29, 2012. Amtel filed a motion for reconsideration, which was denied. This appeal followed.

## ANALYSIS

In two issues on appeal, Amtel asserts that the trial court erred in granting Tel West's no-evidence summary judgment motion as to Amtel's breach of contract and negligence claims.

---

[1] Porting occurs when a user of a telecommunication service retains an existing telephone number when transferring from one telecommunications carrier to another. *See ASAP Paging Inc. v. Pub. Util. Comm'n of Tex.*, 213 S.W.3d 380, 403 (Tex. App.—Austin 2006, pet. denied).

## I.  Standard of Review

We review a summary judgment *de novo*.  *Duerr v. Brown*, 262 S.W.3d 63, 68 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)).  When the trial court grants the judgment without specifying the grounds, we will affirm if any of the grounds presented have merit.  *Raynor v. Moores Mach. Shop, LLC*, 359 S.W.3d 905, 907 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000)).

In a no-evidence summary judgment, the movant represents that there is no evidence of one or more essential elements of the claims for which the non-movant bears the burden of proof at trial.  Tex. R. Civ. P. 166a(i).  We sustain a no-evidence summary judgment when (a) there is a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence conclusively establishes the opposite of the vital fact.  *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).  "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact."  *Id*. (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).  On the other hand, more than a scintilla of evidence exists when reasonable and fair-minded people could differ in their conclusions based on the evidence.  *Id.*

To raise a genuine issue of material fact, the evidence must exceed mere suspicion.  *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004).  "Evidence that is so slight as to make any inference a guess is in legal effect no evidence."  *Id.*  A party may move for a no-evidence summary judgment after an adequate time for discovery has passed.  *Id*. (citing Tex. R. Civ. P. 166a(i), and *McMahan v. Greenwood*,

108 S.W.3d 467, 498 (Tex. App.—Houston [14th Dist.] 2003, pet. denied)).

## II.    Breach of Contract

In its first issue, Amtel asserts that the trial court erred in granting Tel West's no-evidence motion for summary judgment in regards to the issue of breach of contract because there is evidence of the existence of a contract between the parties.

The essential elements of breach of contract are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach by the defendant; and (4) damages as a result of the defendant's breach. *West v. Triple B Servs., LLP*, 264 S.W.3d 440, 446 (Tex. App.—Houston [14th Dist.] 2008, no pet.). The elements of a valid contract are (1) an offer; (2) acceptance in strict compliance with the terms of an offer; (3) meeting of the minds; (4) a communication that each party consented to the terms of the contract; (5) execution and delivery of the contract with intent it become mutual and binding on both parties; and (6) consideration. *Expro Americas, LLC v. Sanguine Gas Exploration*, LLC, 351 S.W.3d 915, 920 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).

As evidence of the existence of a valid contract, Amtel cites to an affidavit signed by Amtel owner Walter Davidson and an email from Tel West to Davidson. The relevant portion of the affidavit states:

> When we merged with Digital Phone Works, Digital ported our telephone number over to the predecessor in interest to [Tel West]. However, at all times the telephone number was owned and held under the name "Amtel Communications."

> When we separated from Digital Phone Works, all parties involved agreed that we would own all rights to our well-established telephone number of 713-977-1000. We decided to change our telephone service provider to a company named VoiPVoiP. Defendant was informed of this fact through a Letter of Authorization ("LOA") which we provided to VoiPVoiP[,] and [Tel West] ported this number back to us on July 27, 2011. Attached as Exhibit "8" is a series of communications between myself and VoiPVoiP

4

which proves that this number was ported to us via VoiPVoiP on July 27, 2011. However, Defendant again ported this number back to Digital Phone Works on August 15, 2011 and refused to return the telephone number to us, despite numerous requests on our behalf. Defendant returned this telephone number to us on October 5, 2011; after demand was made by our attorney.

The email from Tel West to Davidson states:

Thank you for being patient with me on the phone while we worked with Level 3 to activate the port of this line. I have confirmed that Level 3 has ownership of the line as of 5:20 p.m. tonight. At this time my test calls to 713-977-1000 are not completing. My assumption is that your new carrier needs to complete translations to their equipment so that calls can complete to you correctly. I will continue to place test calls until this is restored with your carrier.

I appreciate you giving us the opportunity to resolve this issue and I apologize for the innconvenience it caused. Please let me know if there is anything else we can do to make this transition smooth. I do hope that you consider Tel West in the future. I would be happy to work with you on a direct Tel West account.

Amtel argues that the affidavit and email are explicit evidence that Tel West was providing services to it, and therefore, a contract existed between the parties.

We conclude that Amtel did not produce evidence that a written or oral contract existed between the parties. The affidavit establishes that Tel West ported the telephone number back from Amtel's carrier on August 15, 2011, and again to Amtel's carrier on October 5, 2011. The affidavit does not discuss an offer, the terms of an offer, an acceptance of an offer, or whether valid consideration was provided. Similarly, the email establishes that Tel West ported the telephone number to Amtel's carrier on October 5, 2011. The email does not establish that Tel West assisted Amtel because a contract existed between the parties. Further, Amtel did not produce an agreement or any other evidence that established agreed terms between the parties. To conclude that a contract existed based on the fact that Tel West ported the telephone number to

5

Amtel's carrier on October 5, 2011, would be an impermissible guess. *See Ford Motor Co.*, 135 S.W.3d at 601 ("Evidence that is so slight as to make any inference a guess is in legal effect no evidence.").

Because Amtel failed to establish the existence of an offer, the terms of an offer, an acceptance of an offer, or whether valid consideration was provided, we conclude that Amtel failed to establish the existence of a written or oral contract between the parties. *See Expro Americas LLC*, 351 S.W.3d at 920; *see also Williams v. Unifund CCR Partners Assignee of Citibank,* 264 S.W.3d 231, 235 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (creditor failed to establish existence of a contract when it failed to produce "the actual agreement or any other document that established the agreed terms"). Thus, Tel West is entitled to summary judgment on Amtel's breach of contract claim. *See Triple B Servs., LLP*, 264 S.W.3d at 446. Accordingly, we overrule Amtel's first issue.

## III.  Negligence

In its second issue, Amtel asserts that the trial court erred in granting Tel West's no-evidence motion for summary judgment in regards to negligence because Tel West breached a duty of reasonable care owed to Amtel.

The elements of a negligence action are (1) a legal duty owed to the plaintiff; (2) a breach of that duty by the defendant; and (3) damages proximately caused by the breach. *Rodriguez-Escobar v. Goss*, 392 S.W.3d 109, 113 (Tex. 2013). Proximate cause has two elements: cause in fact and foreseeability. *Id.* "These elements cannot be satisfied by mere conjecture, guess, or speculation." *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 799 (Tex. 2004).

Amtel argues that it suffered lost profits as a result of Tel West's negligence. "Lost profits are damages for the loss of net income to a business measured by

6

reasonable certainty." *Miga v. Jensen*, 96 S.W.3d 207, 213 (Tex. 2002); *Kellmann v. Workstation Integrations, Inc.*, 332 S.W.3d 679, 684 (Tex. App.—Houston [14th Dist.] 2010, no pet.). The loss need not be susceptible to exact calculation in order for a plaintiff to recover lost profits. *ERI Consulting Eng'rs, Inc. v. Swinnea,* 318 S.W.3d 867, 876 (Tex. 2010). Nevertheless, an injured party "must do more than show that it suffered some lost profits." *Id.* "The amount of loss must be shown by competent evidence with reasonable certainty." *Id.* Determining what constitutes reasonably certain evidence is fact intensive. *Id.* "At a minimum, opinions or estimates of lost profits must be based on objective facts, figures, or data from which the amount of lost profits may be ascertained." *Id.*

As evidence of lost profits, Amtel cites to the following portion of Davidson's affidavit:

> However, [Tel West] again ported this number back to Digital Phone Works on August 15, 2011 and refused to return the telephone number to us, despite numerous requests on our behalf. [Tel West] returned this telephone number to us on October 5, 2011, after demand was made by our attorney. During this nearly two-month period of time, we were not able to receive calls for equipment, installation and service on our well-established telephone number, and Digital Phone Works either handled the call themselves or let the customers find other avenues to find equipment and services. We lost a substantial amount of business and profits during this time.

Amtel fails to provide any facts, figures, or data to support its assertion that it suffered lost business and resulting lost profits as a result of Tel West's asserted negligence. In the absence of facts, figures, or data, the conclusory statement that Amtel "lost a substantial amount of business and profits" does not constitute summary judgment evidence of lost profits. *See CA Partners v. Spears*, 274 S.W.3d 51, 63 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) ("A conclusory statement in an affidavit unsupported by facts is insufficient to defeat summary judgment."); *cf. James L. Gang*

*& Assocs., Inc. v. Abbott Labs., Inc.,* 198 S.W.3d 434, 443 (Tex. App.—Dallas 2006, no pet.) ("[M]ere allegations of expenses without objective facts, figures, or data does not amount to any evidence of out-of-pocket damages."). Accordingly, we overrule Amtel's second issue.

## CONCLUSION

Having overruled Amtel's first and second issues, we affirm the trial court's judgment.


/s/    William J. Boyce
Justice


Panel consists of Justices Boyce, Christopher, and Brown.